USDC SCAN INDEX SHEET

















LMH   4/27/05   14:39

3:04-CV-01495   HEMPHILL V. SAN DIEGO ASSOC OF

*137*

*JGM.*

FILED

05 APR 26 AM 10: 34

1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

ALAN HEMPHILL, individually and on behalf of all ) Case No.04-CV-1495 BEN (JMA)
others similarly situated,                        )
                                                  ) **CLASS ACTION**
            Plaintiffs,                            )
      vs.                                          )
                                                  )
SAN DIEGO ASSOCIATION OF REALTORS,                ) **FINAL JUDGMENT**
NORTH SAN DIEGO COUNTY ASSOCIATION                )
OF REALTORS, PACIFIC SOUTHWEST                    )
ASSOCIATION OF REALTORS, EAST SAN                 )
DIEGO COUNTY ASSOCIATION OF                       )
REALTORS, CORONADO ASSOCIATION OF                 )
REALTORS, SANDICOR, INC.,                         )
                                                  ) Date:   January 28, 2005
            Defendants.                            ) Time:   1:30 p.m.
                                                  ) Dept.:  3, 4th Floor
_____) Judge: Honorable Roger T. Benitez

On September 23, 2004, the parties entered into a Stipulation of Settlement ("Stipulation"), which

is expressly incorporated by reference and attached as Exhibit A. For purposes of this Final Judgment,

the Court adopts the definitions set forth in the Stipulation.

On September 24, 2004, the Court entered the Preliminary Approval Order, which, *inter alia*,

provided for conditional certification of the Settlement Class, appointed Class Counsel, provided for notice

to the Settlement Class, appointed a Settlement Administrator, and established a schedule for a Final

Approval Hearing before this Court and a stay of further proceedings (*see* Exhibit B). After notice to Class

Members, Class Counsel submitted their application for final approval. Thereafter, the Court entered the

ENTERED ON _4-27-05_

---

FINAL JUDGMENT                          Page                          98-CV-0139 BEN (JMA)

1  Final Approval Order, wherein it approved the proposed settlement, award of attorneys' fees and

2  reimbursement of costs (*see* Exhibit C).

3      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

4      1.      The Stipulation of Settlement (Exhibit A) is hereby made a part of this Judgment and

5  incorporated herein.

6      2.      The above-captioned action is dismissed on the merits and with prejudice as to all matters

7  arising out of or related to the subject matter of this case, as to all Plaintiffs and all Class Members who

8  have not validly and timely requested exclusion from the Settlement Class. Persons who have requested

9  to be excluded from the Settlement Class and the Settlement are listed in Exhibit D and will not be bound

10  by this Judgment.

11     3.      Without affecting the finality of this Final Judgment, the Court retains continuing jurisdiction

12  over implementation of the Settlement and the interpretation, enforcement and administration of the

13  Stipulation, and over all parties hereto and all beneficiaries hereof, including all Class Members, for such

14  purposes.

15     4.      The Clerk of the Court is directed to enter this Judgment, without delay, as a final judgment.

16

17  Date: ~~January~~ April 15, 2005

18  HONORABLE ROGER T. BENITEZ
    U.S. DISTRICT COURT JUDGE

19

20

21

22

23

24

25

26

27

28

1   Dated: January __, 2005

Daniel J. Mogin, Esq. (95624)
Lisa J. Frisella (216504)
Chad M. McManamy (225205)
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA 92101
Telephone: (619) 687-6611
Facsimile: (619) 687-6610


By:_____
    Daniel J. Mogin


Alexander M. Schack, Esq. (99126)
LAW OFFICE OF ALEXANDER M. SCHACK
11440 W. Bernardo Court, Suite 300
San Diego, CA 92127
Telephone: (858) 485-6535
Facsimile: (818) 485-0608

Attorneys for Plaintiff ALAN HEMPHILL

---

| FINAL JUDGMENT | Page 3 | 98-CV-0139 BEN (JMA) |

Legal Tabs Co. 1-800-322-3022

Recycled   Stock # EXA-5-B

1  Daniel J. Mogin, Esq. (95624)
   Lisa J. Frisella (216504)
2  Chad M. McManamy(225205)
   THE MOGIN LAW FIRM, P.C.
3  110 Juniper Street
   San Diego, CA 92101
4  Telephone:  (619) 687-6611
   Facsimile:  (619) 687-6610
5
   Alexander M. Schack, Esq. (99126)
6  LAW OFFICE OF ALEXANDER M. SCHACK
   16870 W. Bernardo Drive, Ste. 400
7  San Diego, CA 92127
   Telephone:  (858) 485-6535
8  Facsimile:  (858) 485-0608

9  Attorneys for Plaintiff ALAN HEMPHILL

10
   [Counsel for Defendants are listed on signature page]
11

12                 UNITED STATES DISTRICT COURT

13               SOUTHERN DISTRICT OF CALIFORNIA

14

15
   ALAN HEMPHILL, individually and            Case No. 04 CV 1495 BEN (JMA)
16 on behalf of all others similarly situated,
                                              **CLASS ACTION**
17          Plantiffs,

18 v.                                         **STIPULATION OF SETTLEMENT**

19 SAN DIEGO ASSOCIATION OF
   REALTORS, NORTH SAN DIEGO
20 COUNTY ASSOCIATION OF
   REALTORS, PACIFIC SOUTHWEST
21 ASSOCIATION OF REALTORS, INC,
   EAST SAN DIEGO COUNTY
22 ASSOCIATION OF REALTORS,
   CORONADO ASSOCIATION OF
23 REALTORS, INC., SANDICOR, INC.,

24          Defendants.

25

26

27

28

RECEIVED
SEP 2 3 2004
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

1    Subject to Court approval pursuant to Federal Rules of Civil Procedure, Rule

2    23(e), this Stipulation of Settlement  ("Settlement Stipulation," "Stipulation" or

3    "Agreement"), is made as of this 23rd day of September, 2004, by and between the

4    Plaintiff in the action presently pending in the United States District Court for the

5    Southern District of California, Alan Hemphill ("Hemphill" or "Plaintiff"), both

6    individually and on behalf of all Class Members (as defined below), and the

7    following entities: San Diego Association of Realtors, Inc., North San Diego County

8    Association of Realtors, Inc., East San Diego County Association of Realtors,

9    Pacific Southwest Association of Realtors, Inc., Coronado Association of Realtors,

10   Inc.  and Sandicor, Inc.

RECITALS

12   A.    On or about July 23, 2004, Plaintiff filed a Class Action Complaint in

13   the action known as *Hemphill v. San Diego Association of Realtors, et al.,* United

14   States District Court for the Southern District of California, Case No. 04 CV 1495

15   BEN (JMA) and filed a notice that the case was related to the Freeman Action.

16   B.    Plaintiff alleges that the Settling Defendants have acted unlawfully by,

17   among other things, combining, conspiring or otherwise engaging in a common

18   course of conduct to fix, raise, maintain or stabilize prices of Multiple Listing

19   Service ("MLS") service fees (as defined herein), in violation of the Section 1 of

20   Sherman Act (15 U.S.C. Section 1), that Plaintiffs are persons who have been

21   injured in their business or property by reason of such violations and have suffered

22   damages pursuant to Section 4 of the Clayton Act (15 U.S.C. Section 15), including

23   paying more for such service fees than they would have paid in a competitive

24   market.

25   C.    Previously, on about April 15, 2004, Plaintiff filed a motion for

26   intervention as a representative of a proposed class and appended thereto a proposed

27   complaint-in- intervention and draft motion for class certification in the action

28   known as *Arleen Freeman and James Alexander, et al. v. San Diego Association of*

1    *Realtors*, United States District Court for the Southern District of California, Case

2    No. 98 CV 0139 BEN (JMA) (the "Freeman Action"). The named plaintiffs in the

3    Freeman Action are hereafter referred to as "Freeman Plaintiffs."

4         D.    Settling Defendants deny each and every one of the allegations of

5    unlawful conduct, and have asserted a number of defenses. Settling Defendants

6    further filed an opposition to Plaintiff's motion to intervene.

7         E.    Certain aspects of the procedural history of the Freeman Action are

8    relevant:

9              1.    On or about April 16, 1997, Arleen Freeman filed a lawsuit in

10   the Superior Court for the State of California, County of San Diego against

11   Sandicor, the Association Defendants, and other real estate entities and individuals

12   for violation of California's antitrust laws, for charging excessive fees for access to

13   Sandicor's MLS, improperly tying the sale of Sandicor's MLS to Enhanced

14   Services, and engaging in a group boycott, San Diego Superior Court Case No.

15   709764 (the "State Court Freeman Action"). On or about December 15, 1997, after

16   the Superior Court sustained demurrers to successive amended complaints, a

17   stipulated judgment of dismissal was entered in the State Court Freeman Action on

18   December 15, 1997. The Court of Appeal affirmed, and the California Supreme

19   Court denied a petition for review. *Freeman v. San Diego Assoc. of Realtors*, 77

20   Cal. App. 4th 171 (1999).

21             2.    On January 27, 1998, Arleen Freeman filed the federal Freeman

22   Action individually and on behalf of all persons who were brokers or salespersons

23   licensed by the California Department of Real Estate and who, at any time after

24   April 16, 1993, paid fees to defendants for Sandicor's MLS alleging violations of

25   state and federal law, including claims under Sections 1 and 2 of the Sherman

26   Antitrust Act, 15 U.S.C. §§ 1, 2 and analogous provisions of the California

27   Cartwright Act.

28

STIPULATION OF SETTLEMENT                 2                Case No. 04 CV 1495 BEN (JMA)

1    3.    On or about July 29, 1998, the Court granted the individual

2  defendants' motion to be dismissed from the Freeman Action, dismissing all claims

3  against the director and officer defendants, and granted leave to file an amended

4  complaint. On September 15, 1998 the Freeman Plaintiffs filed a First Amended

5  Complaint. On March 2, 1999, the Court dismissed without prejudice all claims

6  against the individual defendants with the exception of Anita Alkire. The Court also

7  denied the defendants' motion to strike. On March 24, 1999, the Freeman Plaintiffs

8  filed a Second Amended Complaint.

9    4.    By an order dated May 6, 1999, the Court denied the Freeman

10  Plaintiffs' Motion for Class Certification, and subsequently denied their application

11  for reconsideration on June 2, 1999. The Freeman Plaintiffs' third motion for class

12  certification was denied on November 7, 2000. All motions for class certification

13  were denied on the basis that the Freeman Plaintiffs were not adequate

14  representatives and the Court also concluded that Freeman did not satisfy the

15  typicality requirement.

16    5.    On June 30, 1999, the Freeman Plaintiffs filed a motion for

17  partial summary judgment. On July 2, 1999, defendants filed a motion to dismiss

18  for lack of subject matter jurisdiction, or in the alternative, for summary judgment in

19  their favor on the "interstate commerce" elements of the federal antitrust claim.

20  Defendants also filed three additional motions for summary judgment. Freeman

21  Plaintiffs abandoned certain group boycott and tying claims, which the Court

22  dismissed without prejudice. Defendants' motion to dismiss for lack of subject

23  matter jurisdiction was denied; defendants' motion for summary judgment as to

24  Freeman Plaintiffs' Sherman Act claims was granted as to all defendants; and

25  defendants' remaining motions for summary judgment were denied as moot as to the

26  Sherman Act claims and denied without prejudice as moot as to the state law claims

27  the Court had dismissed, and the Court entered judgment terminating the case. On

28

1   July 19, 2001, the Freeman Plaintiffs filed notice of appeal from the District Court's

2   decision.

3           6.      On or about March 10, 2003, the United States Court of Appeals

4   for the Ninth Circuit rendered a decision in the Freeman Action (Case Nos. 01-

5   56199 and 01-5623), as amended on denial of rehearing on April 24, 2003, which,

6   *inter alia*, affirmed the District Court's holding that defendants' activities

7   substantially affected interstate commerce, affirmed summary judgment in favor of

8   defendants on the claims asserted pursuant to Section 2 of the Sherman Act (15

9   U.S.C., Section 2), affirmed summary judgment in favor of defendant California

10  Association of Realtors ("CAR") on all claims, and reversed the District Court's

11  grant of summary judgment in favor of defendants on the merits of the claim under

12  Section 1 of the Sherman Act.  The case was remanded to the District Court for

13  further proceedings consistent with the opinion.

14          7.      On or about December 2, 2003, the District Court granted in part

15  and denied in part the Freeman Plaintiffs' motion for summary judgment that

16  Defendants San Diego Association of Realtors, North San Diego County

17  Association of Realtors, Pacific Southwest Association of Realtors, Inc., East San

18  Diego County Association of Realtors, Coronado Association of Realtors, and

19  Sandicor, Inc. violated Section 1 of the Sherman Act, 15 U.S.C. § 1 by entering into

20  an agreement to fix the prices of MLS support services.

21          8.      On or about December 5, 2003 the Court denied the Freeman

22  Plaintiffs' fourth motion for class certification on the basis that the Freeman

23  Plaintiffs were not adequate representatives and also concluded that Arleen Freeman

24  did not satisfy the typicality requirement.  The Court also reiterated its concerns

25  about the adequacy of the Freeman Plaintiffs' counsel, David Barry, to represent the

26  proposed class.

27          9.      On or about December 5, 2003, the Court denied the Freeman

28  Plaintiffs' motion for award of interim attorneys' fees.

1        10.     In or about December 2003, Maxwell W. Blecher was appointed

2   to act as the Settlement Mediator in the Freeman Action.  Through the good offices

3   of Mr. Blecher, the parties to the Freeman Action agreed upon and jointly

4   recommended for the Court's independent consideration an order for injunctive

5   relief which was subsequently entered by the Court on January 21, 2004.

6        F.     On or about April 15, 2004, Hemphill filed a motion for intervention as

7   a representative of a proposed class, a proposed complaint-in-intervention and draft

8   motion for class certification.  On or about May 10, 2004, the Freeman Plaintiffs

9   filed a statement of non-Opposition to the motion for intervention.  On or about May

10  14, 2004, the Settling Defendants filed an opposition to the motion for intervention.

11       G.     Between May 5 and May 19, 2004 further proceedings were conducted

12  by the Mediator, involving both Hemphill and the Freeman Plaintiffs.

13       H.     Pursuant to an order of the Court, on June 4, 2004 a settlement

14  conference was conducted before the United States Magistrate Judge Jan M. Adler

15  and attended by the Mediator.

16       I.      Subsequently, the Freeman Plaintiffs withdrew their statement of Non-

17  opposition and made other motions directed at the Hemphill Action and Class

18  Counsel.

19       J.      On or about July 23, 2004, Hemphill filed a separate Class Action

20  Complaint in the action known as *Hemphill v. San Diego Association of Realtors, et*

21  *al.,* United States District Court for the Southern District of California, Case No. 04

22  CV 1495 BEN (JMA).

23       K.     Hemphill's Motion to Intervene was continued until August 6, 2004,

24  heard on that date, and taken under submission.

25       L.      On or about August 3, 2004 Hemphill filed a motion for class

26  certification which the Court set for hearing on October 8, 2004.

27       M.     On or about September 8, 2004 Hemphill filed a motion for partial

28  summary judgment which the Court set for hearing on October 8, 2004.

1    N.    On or about September 8, 2004, the Court issued an Order denying
2  Hemphill's motion to intervene in the Freeman Action.

3    O.    On or about September 13, 2004 the Settling Defendants filed answers
4  to the Hemphill complaint.

5    P.    Arduous and contentious arm's-length settlement negotiations took
6  place between Class Counsel and Settling Defendants.  Plaintiff concluded that it is
7  in the best interests of the class to enter into this Settlement Agreement.  Class
8  Counsel and the Plaintiff believe that they have meritorious claims against Settling
9  Defendants and that they would be successful in their efforts to certify a class and
10  prevail at trial, but recognized that settlement provides significant benefits to all
11  members of the class, eliminates the burden, expense and uncertainty inherent in
12  complex litigation and minimizes significant uncertainties associated with collection
13  of any judgment against Settling Defendants.

14    Q.    Each Settling Defendant has concluded, despite its belief that it has
15  good defenses to the claims asserted and is not liable therefor, that it will enter into
16  this Settlement Agreement solely to avoid the further expense, inconvenience and
17  burden of this protracted litigation, and the distraction and diversion of its personnel
18  and resources, and thereby to put to rest this controversy with the Plaintiffs.  Settling
19  Defendants consent to certification of the Settlement Class (defined below) solely
20  for the purposes of the settlement embodied in this Stipulation and specifically
21  reserve their rights to contest certification of any class in connection with litigation
22  of the claims asserted in the Complaint if this Stipulation is terminated or fails for
23  any reason.

24    R.    Settling Defendants, Class Counsel and the Plaintiff have agreed to
25  settle, compromise and dismiss with prejudice the Complaint and all claims
26  thereunder of the Class Members (as defined below) without costs to any party
27  (except as provided herein) on the terms and conditions set forth in this Stipulation,
28  subject to the approval of the Court.

1       S.    Class Counsel have considered, have preliminarily verified and are

2   continuing to verify the Settling Defendants' representations regarding their

3   financial condition, and those representations have been a material factor in the

4   determinations of Plaintiff and Class Counsel to agree to this settlement.

5       T.    Settling Defendants have agreed to provide Class Counsel with

6   reasonable access pursuant to a confidentiality order to additional corporate records

7   concerning Settling Defendants' financial condition reasonably relating to

8   settlement of the claims in the Complaint.

9       U.    The settlement set forth in this Stipulation is the result of arm's-length

10  negotiations between Class Counsel and counsel for Settling Defendants. This

11  Stipulation, including its exhibits, embodies all of the terms and conditions of the

12  settlement between Settling Defendants and the Class Counsel, both individually

13  and on behalf of the Settlement Class, subject to the approval of the Court.

14      **TERMS AND CONDITIONS OF SETTLEMENT**

15      **NOW THEREFORE**, it is agreed by the undersigned, on behalf of the

16  Plaintiffs and on behalf of the Settling Defendants, that this action and all claims of

17  the Plaintiffs be settled, compromised and dismissed on the merits and with

18  prejudice as to each of the Settling Defendants, without costs to Plaintiffs or Settling

19  Defendants, on the following terms and conditions.

20      A.  **DEFINITIONS**

21      The following terms, as used in this Stipulation and attached exhibits, have

22  the meanings set forth below:

23          1.    "Association Defendants" means each of San Diego Association

24  of Realtors, North San Diego County Association of Realtors, East San Diego

25  County Association of Realtors, Coronado Association of Realtors, Pacific

26  Southwest Association of Realtors, and their successors in interest.

27          2.    "Attorneys' Fees" means any award of attorneys' fees and costs

28  approved by the Court for payment to the Class Counsel.

1          3.      "Attorneys' Fees Fund" means the deposit by the Settling

2   Defendants in an interest bearing account as described in Section H(1) below.

3          4.      "Automatic Credits" means credits automatically applied to the

4   account of each Continuing Subscriber's subscription to the Sandicor, Inc. MLS (or

5   its successors) pursuant to the terms of the Settlement and the Plan of Distribution

6   attached hereto as Exhibit B.

7          5.      "Cash Fund" means the deposit by the Settling Defendants in an

8   interest bearing account as described in Section E (2) below.

9          6.      "Claims Period" means the period beginning with the mailing of

10  the letters to Class Members in substantially the form attached hereto as Exhibits B-

11  1 and B-2 and ending 90 days after entry of the Judgment.

12         7.      "Class Counsel" means The Mogin Law Firm, P.C. (Daniel J.

13  Mogin) and the Law Office of Alexander M. Schack (Alexander M. Schack).

14         8.      "Class Period" means January 1, 2000 through and including

15  September 23, 2004.

16         9.      "Class Member(s)" means any member of the Settlement Class

17  who does not timely exclude himself or herself from the Settlement pursuant to

18  Section K of this Stipulation.

19         10.     "Complaint" means the Class Action Complaint filed by

20  Hemphill on or about July 23, 2004.

21         11.     "Continuing Subscriber" means those Class Members who are

22  participants in or subscribers to the Sandicor MLS as of September 23, 2004.

23         12.     "Court" means the United States District Court for the Southern

24  District of California.

25         13.     "Discontinued Subscribers" means those Class Members who

26  subscribed to the Sandicor MLS at any time during the Class Period but who are not

27  participants in or subscribers to the Sandicor MLS as of September 23, 2004.

28

1        14.   "Effective Settlement Date" is (10) business days after all the

2  events and conditions specified in paragraph I(4) of this Stipulation have occurred.

3        15.   "Final Approval Hearing" means the hearing to consider the final

4  approval of the Settlement as required by Rule 23 (e)(1)(C).

5        16.   "Final Approval Order" means the final order entered by the

6  Court in the form attached hereto as Exhibit D, approving this Agreement as fair,

7  adequate and reasonable and dismissing the Complaint and all allegations, claims, or

8  causes of action asserted therein against the Settling Defendants with prejudice.  The

9  Final Approval Order (and the resulting Judgment) shall be deemed "Final" upon

10  the latter of: (i) the time at which the time to appeal from the Final Approval Order

11  and from the Judgment has expired, or (ii) if appealed, the time at which the Final

12  Approval Order and the Judgment have been affirmed in their entirety by the court

13  of last resort to which such appeal has been taken and such affirmance has become

14  no longer subject to further appeal or review.  An appeal solely from the order

15  approving an award of Attorneys' Fees and the payment thereof to Class Counsel

16  will not affect the finality of the Final Approval Order or of the Judgment.

17        17.   "Freeman Action" means the action entitled *Arleen Freeman and*

18  *James Alexander, et al. v. San Diego Association of Realtors*, United States District

19  Court for the Southern District of California, Case No. CV0139BEN (JMA).

20        18.   "Freeman Plaintiffs" means Arleen Freeman and James

21  Alexander individually, the plaintiffs in the Freeman Action.

22        19.   "Hemphill" means Alan Hemphill, representative plaintiff in the

23  Hemphill Action.

24        20.   "Hemphill Action" means the action initiated by the Complaint.

25        21.   "Judgment" means the judgment entered by the Court in the form

26  attached hereto as Exhibit E.  The Judgment (and the underlying Final Approval

27  Order) shall be deemed "Final" upon the latter of: (i) the time at which the time to

28  appeal from the Final Approval Order and from the Judgment has expired, or (ii) if

1   appealed, the time at which the Final Approval Order and the Judgment have been

2   affirmed in their entirety by the court of last resort to which such appeal has been

3   taken and such affirmance has become no longer subject to further appeal or review.

4   An appeal solely from the order approving an award of Attorneys' Fees and the

5   payment thereof to Class Counsel will not affect the finality of the Final Approval

6   Order or of the Judgment.

7          22.   "Multiple Listing Service," "MLS" or "Sandicor MLS" means

8   the service created and run by real estate professionals which gathers property

9   listings in San Diego County so that purchasers may review available properties.

10         23.   "Notice" means the Notice of Class Certification and Settlement

11   in the form attached hereto as Exhibit A-2.

12         24.   "Notice Program" means the mechanisms and arrangement for

13   providing notice as described in Section F of this Stipulation.

14         25.   "Plaintiffs" means representative plaintiff Alan Hemphill and the

15   Class Members.

16         26.   "Plan of Distribution" means the plan for distributing the Cash

17   Fund and Automatic Credit components of this Settlement as described in Exhibit B

18   hereto.

19         27.   "Preliminary Approval Order" means the Order issued by the

20   Court in substantially the same form attached hereto as Exhibit A.

21         28.   "Related Persons and Entities" means the attorneys-in-fact,

22   attorneys-in-law, present and former parents, subsidiaries, divisions, affiliates,

23   officers, directors, employees, agents and any of their legal representatives (and the

24   present and former parents, subsidiaries, divisions, affiliates, officers, directors,

25   employees, agents and legal representatives, and the predecessors, heirs, executors,

26   administrators, successors and assigns of each of the foregoing).

27         29.   "Released Claims" means the claims released as described in

28   Section L of this Stipulation.

30.   "Second Claims Period" means the contingent additional period for Discontinued Subscribers to submit claims on the Cash Fund as described in Section E(2)(e) of this Stipulation.

31.   "Settlement" means the terms and conditions of the settlement embodied by this document.

32.   "Settlement Class" means, for settlement purposes only, the following:

> All persons (including natural persons, corporations, partnerships, firms, associations and all other forms of business organizations or legal entities) who at any time during the Class Period paid charges to subscribe to or participate in the Sandicor MLS to the San Diego Association of Realtors, the North San Diego County Association of Realtors, the East San Diego County Association of Realtors, the Pacific Southwest Association of Realtors, the Coronado Association of Realtors, or Sandicor, Inc. or their predecessors.

> Specifically excluded from the Settlement Class are the Settling Defendants herein; officers, directors, or employees of any Settling Defendant during the Class Period; any entity in which any Settling Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs or assigns of any Settling Defendant. Further excluded are the named plaintiffs in the Freeman Action or the named plaintiffs in any other proceeding asserting claims arising from or related to the Freeman Action, except this Hemphill Action.  Also excluded are any governmental agency, any judicial officer presiding over this matter, his or her spouse and relatives within the third degree of relationship, and any juror assigned to this case.

33.    "Settlement Administrator" is the class action notice and claims administrator, appointed by the Court to plan and implement the notice and administration requirements of the Settlement.

34.    "Settlement Website" means the website link maintained by the Settlement Administrator, which describes with specificity the nature of this Hemphill Action and terms of the Settlement and contains the Notice of Settlement.

35.    "Settling Defendants" means each of the Association Defendants and Sandicor, Inc.

36.    "Summary Notice" means the Summary Notice of Class Certification and Settlement in the form attached hereto as Exhibit A-1.

## B.  REPRESENTATIONS AND WARRANTIES

1.    The Settling Defendants represent that the financial statements, including information necessary to identify class members and related statistical information they provide in connection with the Settlement are true, correct and accurate to the best of their knowledge after reasonable investigation.

2.    The Settling Defendants represent and warrant that as of June 4, 2004 there were no previously deferred, unbilled charges to Class Members for MLS support services provided during the Class Period.

3.    The Settling Defendants represent and warrant that they will give reasonable access to reasonable requests by the Class Counsel or the Settlement Administrator for information that affects the settlement.

4.    The Settling Defendants represent that they and their counsel have the authority to enter into and effect this Settlement.

5.    The Settling Defendants represent and warrant that they have the financial and administrative ability to carry out all the terms and conditions of this Settlement.

6.    The Settling Defendants represent and warrant that they will allow for a reasonable audit by the Settlement Administrator, the costs of which

1  shall not exceed $15,000 per year, including providing declarations under penalty of

2  perjury as requested by the Settlement Administrator.

3        7.    The Settling Defendants represent and warrant that they will not

4  attempt to induce members of the Settlement Class to forego their claims under this

5  Settlement or to avoid participation in the Settlement.

6        8.    Each of the Settling Defendants represents and warrants that the

7  Settling Defendants collectively have sufficient monies to make the required

8  deposits into the Cash Fund and the Attorneys' Fees Fund.

9  **C.**   **TIMING OF PRELIMINARY APPROVAL**

10        1.    Within ten (10) days of executing this Stipulation, the parties

11  will file a joint request for preliminary approval of this Settlement and will file the

12  proposed Preliminary Approval Order.

13        2.    If, for any reason, the Settlement does not become final as to one

14  or more of the Settling Defendants, Plaintiffs, at their option, may proceed against

15  such defendant(s) in the Court or may dismiss the Hemphill Action without

16  prejudice as to such defendant(s).

17

18  **D.**   **CONDITIONS OF SETTLEMENT**

19        1.    Counsel for the undersigned agree to recommend approval of

20  this Settlement to the Court and to undertake their best efforts, including all steps

21  and efforts contemplated by this Stipulation and any other steps and efforts that may

22  be necessary or appropriate, by order of the Court or otherwise, to carry out the

23  terms of this Settlement.

24        2.    Settling Defendants consent to conditional certification of the

25  Settlement Class solely for the purposes of settlement of the Hemphill Action.

26  Settling Defendants do not consent to the certification of any class contemplated by

27  the Complaint in the event that the settlement memorialized by this Stipulation is

28  not consummated for any reason.

---

3.    Nothing in this Settlement constitutes, in this or in any other action or proceeding, a finding, admission or evidence that any claims against Settling Defendants may be prosecuted as a class action other than through the settlement memorialized by this Stipulation.  By entering into this Settlement, Settling Defendants do not waive their rights to challenge or contest the maintenance of any lawsuit against them as a class action and to oppose certification of any class other than the Settlement Class in connection with the settlement memorialized by this Stipulation.  If this Settlement is terminated for any reason, or is disapproved in whole or part by the Court or by any other court, appellate or otherwise, neither this Settlement nor the fact that it was entered into will be offered, received, or construed as an admission, a finding or evidence for any purpose, including the appropriateness of class certification in any action.

E.   **SETTLEMENT CONSIDERATION FROM SETTLING DEFENDANTS**

The consideration provided to the members of the Settlement Class by Settling Defendants in accordance with this Stipulation is in full, complete and final settlement of the claims of Class Members in the Hemphill Action.  In full and complete settlement of all claims which have been, might have been, are now or could be asserted by in the Hemphill Action by Class Members, Settling Defendants will:

1.    Stipulated Order:  Execute and agree to entry of the Stipulated Order for Permanent Injunctive Relief in substantially the same form as Exhibit C;

2.    Cash Fund:  Settling Defendants shall be obliged to create a Cash Fund for the benefit of Discontinued Subscribers in an amount of as much as approximately $1,253,708 (to be determined based on the number of Discontinued Subscribers as

of September 23, 2004), subject to the following terms and conditions:

a)      Settling Defendants shall deposit $750,000 in an interest bearing escrow account at such bank as is consistent with proper security within thirty (30) business days after entry of the Preliminary Approval Order.

b)      Upon deposit, the Settlement Administrator will be named as escrow agent of the Cash Fund, and the Cash Fund will be deemed property of the Court held in *custodia legis* as if otherwise deposited into court pursuant to Fed.R.Civ.P. 67.  Any interest earned on such monies will become part of the Cash Fund.

c)      This cash deposit does not include payment of costs and expenses incurred in providing notice to the Settlement Class and administering the Settlement as described in the Plan of Distribution, including expenses incurred in distributing the cash and credits.  Such costs will be paid in addition to the benefits made available to the Settlement Class and will be paid separately and directly to the Settlement Administrator by Settling Defendants.

d)      Within fifteen (15) days after entry of the Judgment, the Settlement Administrator will cause a letter in the form attached hereto as Exhibit B-2 to be mailed to all Class Members who are Discontinued Subscribers describing how to make a claim upon the Cash Fund.

e)      If, at the conclusion of the Claims Period, the timely and valid claims upon the Cash Fund are less than $500,000, the Settlement Administrator will give subsequent notice to all

1   remaining Class Members who are Discontinued Subscribers and

2   who have not submitted a claim form, and will have the right to

3   extend the Claims Period by ninety (90) days (the "Second

4   Claims Period").

5   　　　　f)   If, at the conclusion of the Claims Period, or at the

6   conclusion of the Second Claims Period if there is a Second

7   Claims Period, the timely and valid claims upon the Cash Fund

8   exceed $750,000 but are less than or equal to $1,000,000, the

9   Settlement Administrator shall notify the Settling Defendants in

10   writing of the amount by which such claims exceed $750,000.

11   Within 30 days of receiving such notice, Settling Defendants

12   shall deposit an additional amount equal to such excess into the

13   Cash Fund, except that in no event shall the Settling Defendants

14   be obliged to deposit more than an additional $250,000, for a

15   total of $1,000,000.

16   　　　　g)   If, at the conclusion of the Claims Period, or at the

17   conclusion of the Second Claims Period if there is a Second

18   Claims Period, the timely and valid claims upon the Cash Fund

19   are greater than $1,000,000, the Settlement Administrator shall

20   notify the Settling Defendants in writing of the amount by which

21   such claims exceed $1,000,000.  Within 30 days of receiving

22   such notice, Settling Defendants shall deposit $250,000 into the

23   Cash Fund (to bring the balance of the Cash Fund to

24   $1,000,000).  In addition, within 30 days of the Effective

25   Settlement Date, the Settling Defendants shall deposit an

26   additional amount equal to the amount by which the valid and

27   timely claims exceed $1,000,000, except that in no event shall

28   the Settling Defendants be obliged to deposit more than an

1   additional approximately $253,708, for a total of approximately

2   $1,253,708 (such figure to be calculated precisely after

3   determination of the number of Discontinued Subscribers as of

4   September 23, 2004).. The obligation to make the additional

5   deposit called for by the immediately preceding sentence shall be

6   the joint and several liability of Sandicor, the San Diego

7   Association of Realtors, and the North San Diego County

8   Association of Realtors.

9         h)   If, at the conclusion of the Claims Period, or at the

10   conclusion of the Second Claims Period if there is a Second

11   Claims Period, the timely and valid claims upon the Cash Fund

12   are less than the amount deposited into the Cash Fund, the

13   Settlement Administrator shall notify the Settling Defendants in

14   writing of the amount by which such claims are less than the

15   amount deposited.  Within 30 days of such notice, the Settlement

16   Administrator shall refund such excess amount to the Settling

17   Defendants in the same proportion that the funds were deposited

18   by the Settling Defendants.

19         i)   Beginning within 90 days after the Effective

20   Settlement Date or as soon thereafter as the Settlement

21   Administrator shall, in its sole discretion, determine to be

22   practicable, the Cash Fund will be distributed to the

23   Discontinued Subscribers pursuant to the terms of the Plan of

24   Distribution.  Promptly after all outstanding claims have been

25   paid, the Settlement Administrator shall return all residual sums

26   (if any) in the Cash Fund to the Settling Defendants in the same

27   proportion that the funds were deposited by the Settling

28   Defendants.

j)     The agreed upon estimated actual total value of the Cash Fund is not less than approximately $1,253,708.00 (to be determined based on the number of Discontinued Subscribers as of September 23, 2004).

3.     <u>Automatic Credits</u>:  Provide Automatic Credits to each Continuing Subscriber pursuant to the terms of the Plan of Distribution. The agreed upon estimated actual total value of the Automatic Credits is not less than approximately $3,140,204.00 (to be determined based on the number of Continuing Subscribers as of September 23, 2004).   Within fifteen (15) days after entry of the Judgment, the Settlement Administrator will cause a letter in the form attached hereto as Exhibit B-1 to be mailed to all Class Members who are Continuing Subscribers.

4.     <u>Plaintiff Hemphill Incentive Award</u>:  Plaintiff will apply to the Court for an incentive award for class representative Alan Hemphill. Subject to Court approval, defendants agree to pay an amount not to exceed $10,000.00.  If the Court approves this Settlement after the Final Approval Hearing and awards an incentive fee to Plaintiff Hemphill, then within 10 days after entry of the Judgment by the Court, the defendants shall pay such amounts as may be awarded to plaintiff c/o Class Counsel.

## F.   **NOTICE PROGRAM**

1.     There will be two forms of notice: a Summary Notice of Class Certification and Settlement ("Summary Notice") (see Exhibit A-1 hereto), and a Notice of Class Certification and Settlement ("Notice") (see Exhibit A-2 hereto), which will be distributed as follows:

1          i.      The Notice will be mailed to members of the Settlement Class by

2   first class U.S. mail within thirty (30) days of the entry of the Preliminary Approval

3   Order, or as soon thereafter as practicable.  The Settlement Class will be identified

4   by the Settling Defendants based on their books and records.

5          ii.     The Summary Notice will be published: (a) in the San Diego

6   Union Tribune two times in the thirty (30) days after the entry of the Preliminary

7   Approval Order, or as soon thereafter as practicable and (b) in the membership

8   publications of the Settling Defendants listed in Exhibit A-3 in the thirty (30) days

9   after the entry of the Preliminary Approval Order, or as soon thereafter as

10  practicable.

11         iii.    The Notice also will be posted on the Settlement Website within

12  thirty (30) days of the entry of the Preliminary Approval Order, or as soon thereafter

13  as practicable.  The Settlement Website address will be published in the Notice and

14  the Summary Notice, along with a toll free telephone number that will provide

15  information about the nature of the Settlement.  The Settling Defendants will also

16  establish a link to the Settlement Website on the home page of: the Sandicor, Inc.

17  website (www.sandicor.com); the San Diego Association of Realtors website

18  (www.sdar.com); North San Diego County Association of Realtors, Inc. website

19  (www.nsdcar.com); East San Diego County Association of Realtors website

20  (www.esdcar.org); the Pacific Southwest Association of Realtors website

21  (www.psar.org); and, the Coronado Association of Realtors website

22  (www.caor.com).

23         2.      The Settlement Administrator, with the cooperation of Class

24  Counsel and the Settling Defendants and their counsel, will effectuate the Notice

25  Program.

26  **G.   SETTLEMENT ADMINISTRATION**

27         1.      All costs associated with administration of the Settlement,

28  including the costs of the Notice Program, will be paid separately and directly to the

1   Settlement Administrator by the Settling Defendants and will not be paid from the

2   Cash Fund and are not subject to claims for reimbursement or otherwise from the

3   Settlement Class.

4          2.      The Settlement Administrator will review the claim forms

5   submitted by Discontinued Subscribers to determine whether they contain the

6   required documentation and whether the claims are duplicated or otherwise invalid,

7   and will reject any invalid claims.  The Settlement Administrator will verify the

8   validity of claims through Settling Defendants' end user data or other reliable

9   information.  If Class Counsel or counsel for any of the Settling Defendants disputes

10   any claim, the Settlement Administrator may request additional documentation from

11   the claimant.

12          3.      In the event that a claim form is rejected by the Settlement

13   Administrator, the Settlement Administrator will mail written notice to the claimant

14   at the address included on the claim form, clearly informing the claimant of the

15   deficiency, with copies to Class Counsel and counsel for the Settling Defendants.

16   The written notice will clearly inform the claimant concerning the details of any

17   deficiency and if the deficiency can be cured, will provide instructions concerning

18   what must be done to cure such deficiency.

19          4.      The Settlement Administrator will review and correct as

20   necessary or appropriate, any Discontinued Subscriber's claim that the Settlement

21   Administrator's calculation is incorrect.

22          5.      The decision concerning the validity of any particular claim will

23   be made by the Settlement Administrator, subject to appeal by the claimant to the

24   Court.  To the extent such appeals to the Court must be made, the parties will

25   endeavor to present appeals to the Court in batches, to avoid, to the extent

26   practicable, burdening it with multiple appeals.

27          6.      Settling Defendants will advise their employees that all inquiries

28   from Class Members regarding claims procedures will be redirected to the

1  Settlement Administrator.  Settling Defendants and Class Counsel may also reach

2  further agreements concerning responses that may be made by the Settling

3  Defendants concerning specific inquiries that may be made by Class Members.

4      **H.**   **FEES AND EXPENSES OF CLASS COUNSEL**

5          1.    Prior to the Final Approval  Hearing, Class Counsel will apply

6  for an aggregate award of attorneys' fees and actual expenses (collectively

7  "Attorneys' Fees") in an amount not to exceed $1,125,000.  Settling Defendants

8  agree to deposit this amount of Attorneys' Fees into an interest bearing escrow

9  account (the "Attorneys' Fees Fund") within thirty (30) business days after entry of

10  the Preliminary Approval Order.  Upon deposit, the Settlement Administrator will

11  be named as escrow agent, and the Attorneys' Fees Fund will be deemed property of

12  the court held in *custodia legis* as if otherwise deposited into court pursuant to

13  Fed.R.Civ.P. 67.  Any interest earned on such moneys will become part of the

14  Attorneys' Fees Fund.

15          2.    The Attorneys' Fees will be paid by Settling Defendants in

16  addition to the recovery to the Settlement Class.

17          3.    Settling Defendants will not directly or indirectly object to or

18  otherwise oppose any application by Class Counsel in the Hemphill Action, for

19  Attorneys' Fees incurred for work already performed in the prosecution of the

20  Hemphill Action and/or to be performed hereafter by Class Counsel on behalf of the

21  Settlement Class in obtaining final approval of this Settlement and in upholding

22  such approval (including any and all appeals), so long as, and provided that, such

23  request is not in excess of the amount specified in Section H(1) above.  The parties

24  agree that for purposes of determining whether the requested Attorneys' Fees are

25  fair and reasonable, the actual value of  the Settlement is the sum of: (i) the

26  estimated actual total value of the Cash Fund, plus (ii) the estimated actual total

27  value of the Automatic Credits, plus (iii) the amount of the Attorneys Fees Fund,

28  plus (iv) the estimated costs of Notice and administration (including post-settlement

1 | verification).

2 |       4.    If the Court approves this Settlement after the Final Approval

3 | Hearing and awards Attorneys' Fees to Class Counsel, then within 10 days after

4 | entry of the Judgment by the Court, the Settlement Administrator shall transfer

5 | thirty-three and one third percent (33.33%) of the attorneys' fees so awarded by the

6 | Court (and any interest thereon) from the Attorneys' Fees Fund to Class Counsel,

7 | subject to receipt by Settling Defendants of reasonable security therefor.  If the

8 | amount of Attorneys' Fees is reduced on appeal, the difference between the final

9 | amount awarded and the amount deposited pursuant to Section H(1) above, will be

10 | returned to Settling Defendants, subject to further order of the Court.  If this

11 | Settlement is terminated for any reason, or is disapproved in whole or part by the

12 | Court or by any other court, appellate or otherwise, the Attorneys' Fees shall be

13 | returned to the Settling Defendants within ten (10) days of such termination or

14 | disapproval by the District Court or within thirty (30) days of disapproval by any

15 | other court with jurisdiction over the matter.

16 | **I.**     **FINAL APPROVAL HEARING**

17 |       1.    Pursuant to the Preliminary Approval Order the Court will hold a

18 | Final Approval Hearing within 60-75 days after the date notice is first sent to Class

19 | Members.

20 |       2.    At the Final Approval Hearing, the Court will consider the

21 | subjects pursuant to Rule 23(e) and the Federal Rules of Civil Procedure, any

22 | requests for Attorneys' Fees, any requests for an incentive award to plaintiff

23 | Hemphill, any timely and proper objections to the Settlement and such further

24 | matter as the Court shall deem necessary or advisable to determine whether the

25 | Settlement and its terms are fair, just and reasonable as regards the Settlement Class.

26 |       3.    Any briefs shall be submitted not less than 14 days before the

27 | Final Approval Hearing, unless otherwise agreed by the parties or ordered by the

28 | Court.  Class Counsel will file a Memorandum of Points and Authorities requesting

1   recommendations of final approval of the Settlement by the Court, including a
2   determination by the Court: (i) that the settlement set forth in this Settlement
3   Stipulation be approved finally as fair, reasonable and adequate; (ii) that Class
4   Counsel have adequately represented the interests of the Settlement Class; (iii) that
5   the Settlement Class, excluding those persons who exercise their right to opt out of
6   participation in the Settlement, will be certified; (iv) that the Final Approval Order
7   approving the settlement substantially the form of Exhibit D and the Judgment in
8   substantially the form of Exhibit E, should be entered; (v) that an award of
9   Attorneys' Fees and expenses should be made to Class Counsel and (vi) that an
10  incentive award be made to Plaintiff Hemphill.

11          The Final Approval Hearing may be continued from time to time as
12      necessary without further notice to the Settlement Class.

13      4.   Finality: The Effective Settlement Date shall be conditioned
14  upon the occurrence of all the following events:

15              i.   The Court shall have approved the Summary Notice
16  and the Notice in the form of Exhibits A-1 and A-2.

17              ii.   The Court shall have entered the Final Approval
18  Order in the form of Exhibit D and the Judgment in the form of Exhibit E.

19              iii.   The Final Approval Order and the Judgment shall
20          have become Final.

21      5.   Consequences of Non-Approval:  In the event that (i) the Court
22  refuses to approve this Settlement, or any material part hereof; (ii) the Court refuses
23  to enter the Preliminary Approval Order, or any material part thereof; (iii) the Court
24  refuses to enter the Final Approval Order or the Judgment, or any material part
25  thereof; or (iv) the Final Approval Order or the Judgment is set aside, in whole or in
26  material part, on appeal, or otherwise fails to be made Final, this Stipulation in its
27  entirety will become null and void unless and only insofar as the parties hereto agree
28  otherwise in writing.  An appeal solely from the judgment approving an award of

1   Attorneys' Fees and the payment thereof to Class Counsel will not affect the finality
2   of the approval of this settlement.  A modification or reversal on appeal of any
3   amount of Attorneys' Fees awarded by the Court will not be deemed a modification
4   of all or a part of the terms of the final judgment, except that, Settling Defendants
5   will, under no circumstances, be obligated to pay more than the amount set forth in
6   Section H(1), above.  Settling Defendants will not be entitled to reimbursement of
7   any costs incurred related to this Settlement and must pay all amounts due to the
8   Settlement Administrator, if any.

9   **J.     OBJECTIONS**

10
11          1.     Any member of the Settlement Class who has not timely
12   requested exclusion may appear at the Final Approval Hearing and show cause why
13   the Court should not approve this Settlement and dismiss the Hemphill Action with
14   prejudice as to the Settling Defendants, and may appear at the hearing to support or
15   oppose Class Counsel's application for Attorneys' Fees.

16          2.     For a member of the Settlement Class to have any objections
17   considered, the Settlement Class member must file any objections and all papers in
18   support of such objections with the Settlement Administrator in the time set forth in
19   the Notice, which will be no later than thirty-five (35) days after mailing of the
20   Notice or as soon thereafter as practicable.  All such written objections and papers
21   will be sent by first class mail, postage prepaid, to the Settlement Administrator at
22   the address set forth in the Notice and shall also be served on Class Counsel and
23   counsel for the Settling Defendants.

24          3.     The objection will include: (1) the Settlement Class member's
25   complete name and residence or business address (giving the address of any lawyer
26   who represents the Settlement Class member is not sufficient); (2) a statement that
27   the Settlement Class member purchased San Diego MLS Services during the Class
28   Period; and (3) each ground for comment or objection and any supporting papers the

1   Settlement Class member desires the Court to consider (i.e., a mere statement that "I
2   object" will not be deemed to be sufficient).

3           4.      Within ten (10) days after the last date by which members of the
4   Settlement Class must submit objections, the Settlement Administrator will provide
5   copies of any objections received to Class Counsel and to counsel for the Settling
6   Defendants.  The filing of any objection will not extend the time within which a
7   Settlement Class member may file a request for exclusion from the settlement.

8   **K.    OPT-OUT RIGHTS OF CLASS MEMBERS**

9           1.      Any member of the Settlement Class may request exclusion from the
10  class by first class mail, personally signed, and stating unequivocally that he/she
11  wishes to be excluded from this class action settlement.  Any request for exclusion
12  must be mailed, postmarked on or before thirty-five (35) days after mailing of the
13  Notice, to:

14          SDMLS Litigation Settlement Administrator
            c/o Gilardi & Co.
15          P.O. Box 990
            Corte Madera, CA 94976-0990
16

17  and referring, in the request for exclusion, to the name and number of this litigation,
18  *Hemphill, et al. v. San Diego Association of Realtors* Docket No. 04 CV 1495 BEN
19  (JMA).  Such request shall state the name and address of the person requesting
20  exclusion, and that such Class Member elects to be excluded from this litigation.
21  The person requesting exclusion must sign the request for exclusion personally.
22  Any member of the Settlement Class who chooses to be excluded and who provides
23  the requested information will not be bound by any judgment entered in connection
24  with this settlement.  Within ten (10) days after the last date by which members of
25  the Settlement Class must request exclusion, the Settlement Administrator will
26  provide copies of any requests for exclusion to Class Counsel and to counsel for the
27  Settling Defendants, and shall state the number of valid requests for exclusion
28  received. Copies of any exclusions shall be filed with the Court by Class Counsel

1    before the date for the hearing on final approval.

2           2.     If more than one thousand (1000) members of the Settlement Class

3    request exclusion, then each Settling Defendant shall have the unilateral right, in its

4    sole discretion, to withdraw from this agreement.  A Settling Defendant shall

5    exercise such right within ten (10) days of the later of (i) notification by the

6    Settlement Administrator that the number of persons validly requesting exclusion

7    exceeds 1000, or (ii) receipt of notice that another Settling Defendant is exercising

8    its right to withdraw.

9    **L.    <u>RELEASES</u>**

10          1.     In addition to the effect of any final judgment entered in accordance

11   with this Stipulation, upon this settlement becoming final, Plaintiffs, Settling

12   Defendants, and each of their attorneys-in-fact, attorneys-in-law, present and former

13   parents, subsidiaries, divisions, affiliates, officers, directors, employees, agents and

14   any of their legal representatives (and the present and former parents, subsidiaries,

15   divisions, affiliates, officers, directors, employees, agents and legal representatives,

16   and the predecessors, heirs, executors, administrators, successors and assigns of

17   each of the foregoing) will be released and forever discharged from all manner of

18   claims, demands, actions, suits, causes of action, whether class, individual or

19   otherwise in nature, damages whenever incurred, liabilities of any nature

20   whatsoever, including costs, expenses, penalties and attorneys' fees, known or

21   unknown, suspected or unsuspected, in law or equity, that any member of the

22   Settlement Class who has not timely excluded himself or herself from this action

23   (including any of their past, present or future agents, legal representatives, trustees,

24   estates, heirs, executors and administrators), and whether or not they object to the

25   settlement, ever had, now has, or hereafter can, will or may have, arising out of

26   conduct during the Class Period by any Settling Defendant relating in any way to

27   MLS services, including any claims which arise under any federal or state antitrust

28   law, or other similar law or regulation or common law, including, without limitation,

1  the Sherman Antitrust Act, 15 U.S.C. § 1, et seq., and the Cartwright Act, Cal. Bus.

2  & Prof. Code § 16720, et seq, as well as any other federal or state law, statute or

3  regulation concerning MLS services, and any other claims related in any way to the

4  formation, structure or operation of Sandicor or the Sandicor MLS, which have been

5  or could have been asserted in the Hemphill Action.  Notwithstanding the foregoing,

6  *nothing in this Settlement Stipulation is intended to release any other unrelated*

7  claim(s) that Plaintiff or member of the Settlement Class may have against one or

8  more of the Settling Defendants or that any Settling Defendant may have against

9  Plaintiff or any member of the Settlement Class; for example, a personal injury or a

10  product defect claim or a claim for unpaid dues is not released.  Further, except as

11  otherwise provided herein, nothing in this Stipulation is intended to release any

12  claim(s) that any member of the Settlement Class may have against any person other

13  than those mentioned herein.  Nothing in this Settlement Stipulation is intended to

14  release any claims that have been asserted by the Freeman Plaintiffs, individually, in

15  the Freeman Action or in any other action. Nothing contained within this Settlement

16  Stipulation is intended to be a release of any claims asserted against those

17  defendants in *Freeman, et al. v. Lasky, Haas, & Cohler, et al.*, U.S. District Court,

18  Southern District of California Case No. 03CV0715 (2003) who are or were

19  attorneys for any of the Settling Defendants.  Each member of the Settlement Class

20  (including his or her past, present or future agents, legal representatives, trustees,

21  parents, estates, heirs, executors and administrators) is hereby barred from hereafter

22  asserting any claim, demand, action, suit or cause of action, whether class or

23  individual, against any Settling Defendant based, in whole or in part, upon any

24  released claim.

25         2.     Plaintiffs and Settlement Class members who do not exclude

26  themselves from this litigation expressly waive the provisions of Section 1542 of the

27  California Civil Code (and all other like provisions of law) to the full extent that

28  these provisions may be applicable to this release. California Civil Code, Section

---

1542, provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

3.      Each Class Member may hereafter discover facts other than or different from those which he or she knows or believes to be true with respect to the claims being released.  Nevertheless, each Class Member hereby expressly waives and fully, finally and forever settles and releases, upon this settlement becoming final, any known or unknown, suspected or unsuspected, contingent or noncontingent claim in any way relating to the subject matter of the claims being released, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

4.      In the event that this Settlement does not become final, the monies contained in the Cash Fund and the Attorneys' Fees Fund, including any and all income earned thereon, less any taxes and/or expenses and costs incurred in connection with said account(s), and any portion of the Attorneys' Fees Fund previously disbursed to Class Counsel pursuant to Section H(4) above, will be returned to each Settling Defendant with respect to whom this settlement is terminated, on the same ratable basis as such funds were contributed by the Settling Defendants.

## M.   FORCE AND EFFECT OF SETTLEMENT

1.      In the event that this settlement does not become final as to one or more of the Settling Defendants in accordance with the terms hereof, then this Stipulation will be of no force or effect as to such Defendant(s), except that the parties hereto agree that this Stipulation, including its exhibits, and any and all negotiations, drafts of settlement documents and discussions associated with it, will be without prejudice to the rights of any party, will be inadmissible in evidence against any party, and further will not be deemed or construed to be an admission or

1  evidence of any violation of any statute or law or of any liability or wrongdoing by

2  any Settling Defendant, or of the truth of any of the claims or allegations contained

3  in any complaint or any other pleading filed in the Hemphill Action or any other

4  action, and evidence thereof will not be discoverable or used directly or indirectly in

5  any way, whether in the Hemphill Action or in any other action or proceeding.  Both

6  the Plaintiffs and each Settling Defendant expressly reserve all of their rights and

7  preserve all applicable defenses (including but not limited to lack of personal

8  jurisdiction and improper venue) if this settlement does not become final in

9  accordance with the terms of this Stipulation.  In the event this settlement is

10  terminated with respect to any Settling Defendant, the Settlement Stipulation and all

11  matters leading up to or related to the settlement are confidential settlement

12  communications inadmissible under Federal Rules of Evidence, Rule 408, or

13  California Code of Evidence, Section 1152(a), and any and all other applicable

14  federal and state laws.  The provisions of this paragraph will survive and continue to

15  apply to each Settling Defendant and each member of the Settlement Class, even if

16  the Court does not approve the Settlement, or the Court's approval of this settlement

17  is set aside on appeal, or any Settling Defendant withdraws from the Settlement

18  Stipulation.  Notwithstanding the foregoing, this Stipulation may be used or

19  admitted into evidence against any party as to whom this Settlement Stipulation is

20  being enforced.

21      N.    **MISCELLANEOUS PROVISIONS**

22           1.     This Settlement Stipulation will be binding upon and inure to the

23  benefit of the successors of the parties hereto.  Without limiting the generality of the

24  foregoing, each and every covenant and stipulation herein by the Plaintiff and Class

25  Counsel will be binding upon all Class Members.

26           2.     This Settlement Stipulation contains the entire, complete and

27  integrated statement of each and every term and provision agreed to by and among

28  the parties, and is not subject to any condition not provided for herein.  This

1   Settlement Stipulation will not be modified in any respect except by a writing

2   executed by all the signatories hereto.

3        3.    Any inconsistency between this Stipulation and the exhibits

4   attached hereto will be resolved in favor of the Settlement Stipulation.

5        4.    None of the parties hereto will be considered to be the drafter of

6   this Settlement Stipulation or any provision hereof for the purpose of any statute,

7   case law or rule of interpretation or construction that would or might cause any

8   provision to be construed against the drafter thereof.

9        5.    All terms of this Settlement Stipulation and the exhibits hereto

10   will be governed by and interpreted according to the substantive laws of the State of

11   California without regard to its choice of law or conflict of laws principles.

12        6.    Settling Defendants and each Class Member hereby irrevocably

13   submit to and agree not to contest the exclusive jurisdiction of the Court and agree

14   that the Southern District of California is a proper venue and convenient forum, for

15   purposes of any suit, action, proceeding or dispute arising out of or relating to this

16   Settlement Stipulation and/or the exhibits hereto.  In the event the provisions this

17   Settlement Stipulation are asserted by any Settling Defendant as a defense, in whole

18   or in part, to any claim or cause of action or otherwise raised as an objection in any

19   suit, action or proceeding by a member of the Settlement Class, it is hereby agreed

20   that the Settling Defendant who is a party to such suit, action or proceeding will be

21   entitled to a stay of that suit, action or proceeding until the Court has entered a final

22   judgment no longer subject to any appeal or review determining any issues relating

23   to the defense or objection based on such provisions.

24        7.    To the extent any party reasonably needs to submit to the Court

25   financial statements or other financial information of the Settling Defendants in

26   connection with any of the proceedings contemplated by this Settlement Stipulation,

27   such information shall be filed under seal.  The Settlement Administrator shall

28   maintain copies of the Settling Defendants' financial statements that have been

1 | provided to Class Counsel, and shall make copies of such documents available to

2 | any Class Member upon written request provided that the Class Member agrees in

3 | writing to use such information only for purposes of evaluating objections to this

4 | Settlement and to maintain the confidentiality of such documents.

5 |        8.     This Settlement Stipulation may be executed in counterparts.

6 | Facsimile signatures will be considered as valid signatures as of the date hereof,

7 | although the original signature pages will thereafter be appended to this Settlement

8 | Stipulation.

9 |        9.     This Settlement Stipulation will become effective, upon its

10 | execution by the undersigned, as of September 23, 2004.

11 |      IN WITNESS WHEREOF, and intending to be legally bound hereby, the

12 | parties have caused this Settlement Stipulation to be executed by their officers or

13 | representatives hereunto duly authorized, effective as of the date first above

14 | mentioned. In so doing, the parties expressly agree to and intend to be legally

15 | bound by this Settlement Stipulation.

16 | DATED: September 23 2004

         FOR PLAINTIFF ALAN HEMPHILL AND
         THE SETTLEMENT CLASS

By: _____

         Daniel J. Mogin
         Lisa J. Frisella (216504)
         Chad M. McManamy (225205)
         THE MOGIN LAW FIRM, P.C.
         110 Juniper Street
         San Diego, CA 92101
         Telephone: (619) 687-6611
         Facsimile: (619) 687-6610

         Alexander M. Schack, Esq. (99126)
         LAW OFFICE OF ALEXANDER M.
         SCHACK
         16870 W. Bernardo Drive, Ste. 400
         San Diego, CA 92127
         Telephone: (858) 485-6535
         Facsimile: (858) 485-0608

Received   Sep-22-04   5:01PM;   + -> Mogin Law   ;   Page 2

Sep-22-04   05:32pm   From-LUCE FOWAR.   T-745   P.002/002   F-011

1

2

3   FOR DEFENDANT SAN DIEGO
    ASSOCIATION OF REALTORS

4   By: _____

5   Christopher J. Healey
    John T. Brooks
    LUCE, FORWARD, HAMILTON &

6   SCRIPPS LLP
    600 West Broadway, Suite 2600

7   San Diego, CA 92101-3391
    Telephone: (619) 236-1414
    Facsimile: (619) 232-8311

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR DEFENDANTS CORONADO
ASSOCIATION OF REALTORS and
PACIFIC SOUTHWEST ASSOCIATION
OF REALTORS

By: _Carlton A Varner_____

Carlton Varner
Jane Langdell
SHEPPARD MULLIN RICHTER &
HAMPTON
333 So. Hope St., 48th Floor
Los Angeles, CA 90071
(Tel.) 213-620-1780
(Facsimile) 213-620-1398

Received:   9/23/04   7:48AM;                     -> Mogin Law      Page 3
09/23/2004 09:21 FAX                ARNSTEIN & LEHR LLP                    ☒ 003

Robert T. Cichocki - hemphill final settlement stipulation.doc                      Page 36



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR DEFENDANT NORTH SAN DIEGO
COUNTY ASSOCIATION OF REALTORS

By: _____

Robert D. Butters
Thadford A. Felton
Robert T. Cichocki
ARNSTEIN & LEHR
120 South Riberside Plaza, Suite 1200
Chicago, IL 60606
Telephone: (312) 876-7100
Facsimile: (312) 876-0288


Kevin K. Forrester
4402 Manchester Avenue, Suite 205
Encinitas, CA 92024-7903
Telephone: (760) 944-1918

Received:    9/23/04   9:43AM;              619 667 2920 -> Mogin Law     Page 1
    09/23/2004   09:14    619-667-   .20                JON F MCKINLEY                    PAGE   01

Sep-22-04   02:29pm   From-LUCE FOWARD                       +            T-788  P.040/041  F-360

1

2              FOR DEFENDANT EAST SAN DIEGO
               COUNTY ASSOCIATION OF REALTORS

3
               By: _____
4                  Jon P. McKinley
                   LAW OFFICES OF JON
5                  MCKINLEY
                   2494 Fletcher Parkway
6                  El Cajon, CA 92020
                   Telephone: (619) 667-2915
7                  Facsimile: (619) 667-2920

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Received:   9/22/04   2:59PM;

SEP-22-04   02:22PM   FROM-MP&G                              619-231-1234        T-193   P.002/002  F-145

1

2    FOR DEFENDANT SANDICOR, INC

3    By:

4        Michael J. Hickman, Esq.
         MUSICK, PEELER & GARRETT
5        LLP
         225 Broadway, Suite 1900
6        San Diego, CA 92101
         Telephone: (619) 525-2500
7        Facsimile: (619) 231-1234

8

9    1998914.2

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

1  Daniel J. Mogin, Esq. (95624)
   Lisa J. Frisella (216504)
2  Chad M. McManamy (225205)
   THE MOGIN LAW FIRM, P.C.
3  110 Juniper Street
   San Diego, CA 92101
4  Telephone: (619) 687-6611
   Facsimile: (619) 687-6610
5
   Alexander M. Schack, Esq. (99126)
6  LAW OFFICE OF ALEXANDER M. SCHACK
   16870 W. Bernardo Drive, Suite 400
7  San Diego, CA 92127
   Telephone: (858) 485-6535
8  Facsimile: (858) 485-0608
9  Attorneys for Plaintiff ALAN HEMPHILL
   and the Plaintiff Class
10
                IN THE UNITED STATES DISTRICT COURT
11
             FOR THE SOUTHERN DISTRICT OF CALIFORNIA
12
13  ALAN HEMPHILL, individually and on behalf of )   Case No. 04 CV 1495 BEN (JMA)
    all others similarly situated,              )
                                                )   **CLASS ACTION**
14              Plaintiffs,                      )
                                                )
15          vs.                                  )
                                                )   **[PROPOSED] ORDER GRANTING**
16  SAN DIEGO ASSOCIATION OF REALTORS,          )   **PRELIMINARY APPROVAL OF**
    NORTH SAN DIEGO COUNTY                      )   **CLASS SETTLEMENT,**
17  ASSOCIATION OF REALTORS, PACIFIC            )   **CONDITIONALLY CERTIFYING**
    SOUTHWEST ASSOCIATION OF REALTORS,)             **SETTLEMENT CLASS, APPOINTING**
18  EAST SAN DIEGO COUNTY ASSOCIATION           )   **CLASS COUNSEL, APPOINTING**
    OF REALTORS, CORONADO ASSOCIATION           )   **SETTLEMENT ADMINISTRATOR,**
19  OF REALTORS, SANDICOR, INC.,                )   **SCHEDULING A HEARING ON**
                                                )   **FINAL APPROVAL OF**
20              Defendants.                      )   **SETTLEMENT, PROVIDING FOR**
                                                )   **OPT-OUTS AND OBJECTIONS AND**
21                                              )   **STAYING FURTHER PROCEEDINGS.**
                                                )
22                                              )
                                                )   Date:   September 24, 2004
23                                              )   Time:  11:30 a.m.
                                                )   Courtroom: 3, 4th Floor
24  ───────────────────────────────────────  )   Judge: Hon. Roger T. Benitez
25
26
27
28
─────────────────────────────────────────────────────────
ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT          Page 1              04 CV 1495 BEN (JMA)
                                      A
                                      1

## INTRODUCTION

The Court has considered the parties request for an Order Granting Preliminary Approval of Class Action Settlement, Conditionally Certifying Settlement Class, Appointing Class Counsel, Appointing Settlement Administrator, Scheduling a Hearing on Final Approval of Settlement ("Final Approval Hearing") and Staying Further Proceedings In the Action. This Court has presided over certain of the proceedings in the above-captioned action (the "Class Action") and has reviewed all of the pleadings, records and papers on file herein.

Subject to final approval of this Court as provided in Federal Rues of Civil Procedure, Rule 23(e), plaintiff Hemphill, both individually and on behalf of all members of the proposed Settlement Class (sometimes collectively referred to herein as "Plaintiffs") have entered into a Stipulation of Settlement dated September –, 2004 (which has been lodged with the Court) with the following entities, collectively referred to as "Settling Defendants": San Diego Association of Realtors, North San Diego County Association of Realtors, Inc., East San Diego County Association of Realtors, Coronado Association of Realtors (sometimes collectively referred to herein as the "Association Defendants") and Sandicor, Inc. ("Sandicor"). The Court has reviewed the Stipulation of Settlement together with the Exhibits thereto, and has heard the attorneys for the parties with respect to the proposed settlement of this action. The Court has determined that inquiry should be made as to the fairness and adequacy of this proposed settlement. The Court has conducted a hearing respecting the reasonableness of proceeding with this proposed settlement, and good cause appearing therefor, now finds and orders as follows:

## FINDINGS

1.     The Court finds that the proposed settlement falls within the range of possible approval and is sufficiently fair to warrant the dissemination of notice to the proposed class members apprizing them of the settlement, and finds that the proposed class, as defined in Paragraph 11, below, is proper and should be certified for settlement purposes only.

2.     Solely within the context of and for the purposes of settlement, the Court finds that: (a) the members of the class are so numerous that joinder would be impractical; (b) there are questions of law or fact which are common to the class, and those common questions predominate

over individual questions; (c) the Plaintiffs' claims are typical of the claims of the absent members of the class; (d) Plaintiffs have and will fairly and adequately represent the interests of the absent members of the class; and (e) this class action is superior to any other available method for the fair and efficient adjudication of the controversy.

3.      Any putative class member will have the right to exclude themself from the class to pursue individual litigation, should they choose to do so. It is desirable to maintain this litigation under the jurisdiction of this Court to facilitate the parties' Settlement Stipulation and resolve all of the claims of the proposed Settlement Class.

4.      The Court appointed Maxwell W. Blecher to act as the Settlement Mediator, whose mediation efforts contributed to this settlement.

5.      Settlement efforts were also made in conjunction with the Magistrate Judge assigned to this case, the Hon. Jan M. Adler.

6.      The proposed settlement is the product of arm's length, serious, informed and non-collusive negotiations between experienced and knowledgeable counsel.

7.      The Settlement Agreement is granted preliminary approval and incorporated herein by this reference, and has the full force and effect of an order of this Court.

8.      A hearing is appropriate to consider whether this Court should grant final approval to this settlement, and to allow adequate time for members of the class, or their counsel, to support or oppose this settlement.

9.      A hearing is also appropriate for this Court to determine the appropriate amount to be awarded to Class Counsel, in attorneys' fees and costs, as well as "incentive awards" to the named Plaintiff and to allow adequate time for Plaintiffs' Counsel to submit their application for attorneys' fees and costs, as well as for members of the class to support or oppose that application.

10.      The terms and definitions set forth in the Stipulation of Settlement are hereby adopted and incorporated into this Order.

///

///

///

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT          Page 3          04 CV 1495 BEN (JMA)

A

3

**LONG FORM NOTICE**

("Settling Defendants") on behalf of persons subscribing to the Sandicor Multiple Listing Service ("Sandicor MLS") in San Diego County during the period from January 1, 2000 to September 23, 2004. The Action is currently pending in United States District Court, Southern District of California (the "Court"). The Court has conditionally certified the Action to proceed as a class action, for purposes of settlement only, on behalf of the class described below. The Settlement provides, among other things, for the creation of settlement consideration consisting of a Cash Fund of as much as [One Million Two Hundred Fifty Three Thousand Seven Hundred Dollars and Eight ($1,253,708.00)] for payment to Discontinued Subscribers, automatic subscription credits with a retail value of as much as [Three Million One Hundred Forty Thousand Two Hundred and Four Dollars ($3,140,204.00)] for Continuing Subscribers, an incentive award of Ten Thousand Dollars ($10,000) to plaintiff, Alan Hemphill, attorneys' fees and costs not to exceed One Million One Hundred Twenty Five Thousand Dollars ($1,125,000.00), and the costs of Notice and Administration of the Settlement. The Settlement also provides for the entry of a Stipulated Order prohibiting Settling Defendants from engaging in certain conduct in the future. Settling Defendants' limited ability to pay was a substantial factor in determining the nature and amounts of the Settlement. The full details are set forth below in The Proposed Settlement.

2.   **Qualification** - This Notice of Proposed Class Action Settlement is qualified in its entirety by the Stipulation of Settlement on file with the Court.

3.   **Purpose of Notice** - This notice is intended (1) to inform you of the Settlement of the Action, (2) to describe the Settlement, including how the Settlement is proposed to be allocated, and (3) to advise you of your rights and your options with respect to the Settlement. As stated below, a hearing is scheduled for the Court to consider the Settlement.

4.   **Description of the Action** - On July 23, 2004, Plaintiff filed a Class Action Complaint in the action known as *Hemphill v. San Diego Association of Realtors, et al.,* United States District Court for the Southern District of California, Case No. 04 CV 1495 BEN (JMA), and filed a notice that the case was related to a case known as the Freeman Action *(Arleen Freeman and James Alexander, et al. v. San Diego Association of Realtors,* United States District Court for the Southern District of California, Case No. 98 CV 0139 BEN (JMA) (the "Freeman Action"). Plaintiff Hemphill alleges that the Settling Defendants have acted unlawfully by, among other things, combining, conspiring or otherwise engaging in a common course of conduct to fix, raise, maintain or stabilize prices of Multiple Listing Service ("MLS") service fees (as defined herein), in violation of the Section 1 of Sherman Act (15 U.S.C. section 1), that Plaintiffs are persons who have been injured in their business or property by reason of such violations and have suffered damages pursuant to Section 4 of the Clayton Act (15 U.S.C. section 15), including paying more for such service fees than they would have paid in a competitive market. The Freeman Action has experienced certain successes, including in the Ninth Circuit Court of Appeals, however the Court has refused to certify the proposed Freeman Class on four different occasions.

5.   **Definition of the Class** -The Settlement Class is defined as:

All persons (including natural persons, corporations, partnerships, firms, associations

LONG FORM NOTICE

and all other forms of business organizations or legal entities) who at any time during the Class Period paid charges to subscribe to or participate in the Sandicor MLS to the San Diego Association of Realtors, the North San Diego County Association of Realtors, the East San Diego County Association of Realtors, the Pacific Southwest Association of Realtors, Inc., the Coronado Association of Realtors, Inc., or Sandicor, Inc. or their predecessors.

Specifically excluded from the Settlement Class are the Settling Defendants herein; officers, directors, or employees of any Settling Defendants during the Class Period; any entity in which any Settling Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs or assigns of any Settling Defendant. Further excluded are the named plaintiffs in the Freeman Action or the named plaintiffs in any other proceeding asserting claims arising from or related to the Freeman Action (USDC SD Cal. Case No. 98 CV 0139 BEN (JMA)), except this Hemphill Action. Also excluded are any governmental agency, any judicial officer presiding over this matter, his or her spouse and relatives within the third degree of relationship, and any juror assigned to this case.

6.      **Claims For Relief** - The Complaint alleges violation of the Section 1 of the Sherman Act (15 U.S.C sec. 1) by Settling Defendants engaging in a continuing unlawful trust in restraint of trade and commerce.

7.      **Defendants' Denial** - Settling Defendants deny each and every one of Plaintiff's allegations of unlawful conduct and have asserted a number of defenses to Plaintiff's claims.

8.      **Status of Proceedings** - Plaintiff's motions for class certification and for partial summary judgment were pending when the Settlement was executed.

9.      **The Proposed Settlement** - The parties have reached a proposed settlement of this action, which the attorneys for the Plaintiff Class believe is fair, reasonable, adequate and in the best interest of class members. Defendants' limited ability to pay was a substantial factor in determining the nature and amounts of the Settlement. The proposed settlement provides:

A.   The entry of a Stipulated Order prohibiting Defendants from engaging in certain conduct in the future and providing for the Court's jurisdiction over such matters;

B.   A Cash Fund of as much as [One Million Two Hundred Fifty Three Thousand Seven Hundred and Eight Dollars ($1,253,708.00)] for payment to Discontinued Subscribers (unclaimed portions of the Cash Fund will, under certain conditions, revert to defendants);

C.   Automatic Credits with a retail value of as much as [Three Million One Hundred Forty Thousand Two Hundred and Four Dollars ($3,140,204.00)] for payment to Continuing Subscribers;

**LONG FORM NOTICE**

D.  Attorneys' fees and costs not to exceed One Million One Hundred Twenty Five Thousand Dollars ($1,125,000.00);

E.  All Costs of Notice and Administration of the Settlement; and

F.  Certain post-settlement verification costs.

G.  According to the Plan of Distribution, the Cash Fund and Automatic Credits will be distributed as follows:

1.  Settlement Class Members who are subscribers to the Sandicor MLS as of [date of Preliminary Approval/Last Date of Class Period] ("Continuing Subscriber") shall receive four months of automatic credits to their accounts' subscription to the Sandicor MLS (or its successors). Continuing Subscriber automatic credits shall be applied at the rate of one month per year, beginning in the first January after the Settlement Effective Date, and continuing thereafter in each of the three subsequent Januaries.

If for any reason a Continuing Subscriber changes the Association Defendant through which he or she subscribes to the MLS, they may continuing receiving any remaining credits due by subscribing to the MLS through any one of the other Association Defendants without any additional cost. If any of the Association Defendants ceases to offer MLS Services for any reason, Continuing Subscribers who had been receiving MLS Services through such defendant may continuing receiving any remaining credits due by subscribing to the MLS through any one of the other Association Defendants without any additional cost.

2.  All members of the Settlement Class who are not Continuing Subscribers as defined in the preceding section and who are not otherwise excluded, are considered Discontinued Subscribers ("Discontinued Subscribers"). Each Discontinued Subscriber who timely submits a valid claim form shall be entitled to receive, within 90 days after the Effective Settlement Date, payment of an equivalent value of the credits available to Continuing Subscribers, such equivalent value to be calculated as follows:

i. $43.00;

ii. Multiplied by 4 (the maximum number of monthly credits provided to a Continuing Subscriber);

iii. Multiplied by the fraction X/48, where "X" is the number of months (not to exceed 48 for the purposes of this formula) in which the Discontinued Subscriber was a subscriber or

**A**
**14**

**LONG FORM NOTICE**

participant in the Sandicor MLS during the Class Period.

If timely and valid claims by Discontinued Subscribers exceed the amount of the Cash Fund, then the payment to each Discontinued Subscriber shall be ratably and proportionally reduced such that the total payments made equal the available amount of the Cash Fund.

H.   **Releases** - In return for the settlement described above, members of the Settlement Class agree to release (give up) all claims against Settling Defendants related to Sandicor MLS services occurring during the period January 1, 2000 through September 23, 2004.

10.   **How to Make a Claim -**

A.   ***Discontinued Subscribers*-** Only Discontinued Subscribers who return a timely claim will be eligible to participate in the settlement. Claim forms will be mailed to Discontinued Subscribers within 15 days after entry of the Final Approval Order. Once completed, mail the claim form to:

SD MLS Litigation Settlement Administrator
c/o Gilardi & Co.
P.O. Box 990
Corte Madera, CA 94976-0990

Approved claims will be paid after the Effective Settlement Date and processing of all Claim Forms.

B.   ***Continuing Subscribers*** - Notice will be sent to all Continuing Subscribers within 15 days after entry of the Final Approval Order. No other action is necessary.

11.   **Request for Exclusion from the Class** - Under federal law, if you are an eligible Class Member, you have the right to be excluded from the Class. If you wish to be excluded from the Class, you must mail a letter so that it is received no later than __, ____ to:

SD MLS Litigation Settlement Administrator
c/o Gilardi & Co.
Request for Exclusion
P.O. Box 990
Corte Madera, CA 94976-0990

The letter must clearly state your full name, social security number, current mailing address, phone number, and signature and include the following statement:

A
15

**LONG FORM NOTICE**

**"I want to be excluded from the plaintiff class in Hemphill v. San Diego Realtors."**

The request for exclusion must be submitted in your own name; no individual Class Member may request that other Class Members be excluded from the Class.  Do not send a letter requesting exclusion if you wish to remain a Class Member or file a claim for a refund under the settlement.  **If you exclude yourself from the Class, you will not be entitled to share in any benefits that the class may obtain.**  If you do not exclude yourself, you will not be able to file a separate lawsuit against San Diego Realtors based on the events, circumstances and/or practices alleged in the Hemphill Complaint.

12.     **Objection** - If you do not request exclusion, you may still object to the proposed settlement.  You may also move to appear in the action.

To have your objections considered, you must send a sworn statement by first class mail postmarked no later than _____ __, ____ to each of the following:

SDMLS Litigation Settlement Administrator
c/o Gilardi & Co.
P.O. Box 990
Corte Madera, CA 94976-0990

and to each of:

For Plaintiffs' Class Counsel:          For Settling Defendants' Counsel:

Daniel J. Mogin                         John T. Brooks
THE MOGIN LAW FIRM, P.C.                LUCE FORWARD HAMILTON & SCRIPPS LLP
110 Juniper Street                      600 West Broadway
San Diego, CA 92101                     Suite 2600
                                        San Diego, CA 92101-3372

Your statement must include: (1) your complete name and residence or business address (giving the address of any lawyer who represents you is not sufficient); (2) that you purchased MLS Service Fees during the period January 1, 2000 through and including September 23, 2004; and (3) each ground for comment or objection and any supporting papers you desire the Court to consider (i.e., a mere statement that "I object" shall not be deemed to be sufficient).  The filing of any objection shall not extend the time within which a Class Member may file a request for exclusion from the Settlement.

You or your personal attorney may attend the settlement hearing and state your support or objection orally, but you are not required to do so.  If you attend the hearing and orally state your opinion, your written objection must state **"I intend to appear at the hearing."**  Only

**LONG FORM NOTICE**

Class Members, or their attorneys, who have submitted a timely written objection, will have their objections considered by the Court, or be heard at the final hearing on approval of the settlement.

13.     **Hearing On Settlement and Fee Application** - The Court will hold a Final Approval Hearing to consider: (a) whether the tentative settlement summarized above is fair, reasonable, adequate, and in the best interests of the Settlement Class; (b) whether to approve the settlement agreement's provisions with respect to amounts to be paid in attorneys' fees and costs; and (c) whether plaintiffs and their attorneys have fully, fairly and adequately represented the Settlement Class in the action and in negotiating the Settlement. The time and date of the approval may be changed by the court order without further notice to the class.

14.     **More Information - Do not contact the Court regarding this Notice or the lawsuit.**

If you wish additional information about this notice or the settlement, you may examine the Court's file on the case at the address shown above or you may contact the plaintiffs' attorneys in writing, or by facsimile, at:

> Daniel J. Mogin
> The Mogin Law Firm, P.C.
> 110 Juniper Street
> San Diego, CA 92101
> p. (619) 687-6611
> f. (619) 687-6610

**The Court has not ruled in favor of or against the Plaintiffs or Defendants on the merits of any of their claims, denials, or defenses in this case.**

# EXHIBIT "A-3"

# Exhibit A-3

List of Publications for Notice of Settlement

1. *San Diego Union-Tribune*

2. Pacific Southwest Association of Realtors: *News and Notes*

3. Coronado Association of Realtors: *Newsletter*

4. San Diego Association of Realtors: *San Diego Realtor Magazine*

5. Sandicor: *Sandicor Ink*

6. North San Diego County Association of Realtors: *Realtor Reflections* or *Opportunity Knocking*

7. East San Diego County Association of Realtors: *Newslink*

# EXHIBIT A-3

# EXHIBIT "B"

EXHIBIT B

**PLAN OF DISTRIBUTION**

Pursuant to Section E of the Stipulation of Settlement and incorporating the defined terms used therein, the following describes the distribution of the Automatic Credits and Cash Fund to Class Members:

1.  Continuing Subscribers: Settling Defendants shall provide automatic credits to the accounts of all Continuing Subscribers' subscriptions to the Sandicor MLS (or its successors) as follows:

    a.  The Settlement Administrator shall send to each Continuing Subscriber a letter substantially in the Form of Exhibit B-1.

    b.  Each Continuing Subscriber shall receive four months of automatic credits to their accounts for subscription to the Sandicor MLS (or its successors).  Continuing Subscriber automatic credits shall be applied at the rate of one month per year, beginning in the first January after the Settlement Effective Date, and continuing thereafter in each of the three subsequent Januaries.  The amount of the credit applied each year shall equal one twelfth of the annualized subscription price in effect on the date such credit is applied.

    c.  If for any reason a Continuing Subscriber changes the Association Defendant through which he or she subscribes to the MLS, such Continuing Subscriber may continue receiving any remaining credits due by subscribing to the MLS through any one of the other Association Defendants without any cost to the Continuing Subscriber.

    d.  If any of the Association Defendants ceases to offer MLS Services for any reason, Continuing Subscribers who had been receiving MLS Services through such defendant may continuing receiving any remaining credits due by subscribing to the MLS through any one of the other Association Defendants without any cost to the Continuing Subscriber.

2.     Discontinued Subscribers will receive payments from the Cash Fund as follows:

a.     the Settlement Administrator shall send to each Discontinued Subscriber a letter and claim form substantially in the Form of Exhibit B-2.

b.     Each Discontinued Subscriber who timely submits a valid claim form shall be entitled to receive, within 90 days after the Effective Settlement Date, payment of an equivalent value of the credits available to Continuing Subscribers, such equivalent value to be calculated as follows:

i.     $43.00 (which figure, for the purposes of this Settlement only, is agreed to approximate a typical monthly price (exclusive of rebates or other factors reducing the effective price) for subscribing to the Sandicor MLS during the portion of the Class Period before changes resulting from the Court's January 2004 Order for Equitable Relief),

ii.     Multiplied by 4 (the maximum number of monthly credits provided to a Continuing Subscriber),

iii.     Multiplied by the fraction X/48, where "X" is the number of months (not to exceed 48 for the purposes of this formula) in which the Discontinued Subscriber was a subscriber or participant in the Sandicor MLS during the Class Period.

c.     If timely and valid claims by Discontinued Subscribers exceed the amount of the Cash Fund, then the payment to each Discontinued Subscriber shall be ratably and proportionally reduced such that the total payments made equal the available amount of the Cash Fund.

1991722.4

**B**
**20.**

# EXHIBIT "B-1"

*Consumer Name:*
*Consumer Address1:*
*Consumer Address2:*
*City, State, Zip:*

Re:     Sandicor MLS, Class Action Settlement

Dear *Consumer Name*:

I am writing to advise you that you have been identified as a Continuing Subscriber to the Sandicor Multiple Listing Service. Based on this identification, you are eligible to receive an automatic credit applied to your accounts for subscription to the Sandicor MLS as a result of a settlement obtained in a class action lawsuit on your behalf.

You are eligible for a credit based on your subscription to the Sandicor MLS between January 1, 2000 and September 23, 2004. You are entitled to receive four months credit. This credit will be applied at the rate of one month per year, beginning in the first January after the settlement becomes effective, and continuing in each of the subsequent three Januaries. The amount of the credit will be equal to one-twelfth of the annualized subscription rate for the year in which the credit is applied.

The application of the credit to your subscription cost requires no further action on your part. Your MLS subscription renewal notice will reflect the credit you are receiving each year you are eligible to receive it.

Automatic credits will be applied to your account after the Effective Settlement Date, which requires that the Court's order approving the Settlement be final and no longer subject to appeal.

If you have any questions about this letter or the settlement itself, please feel free to contact the Settlement Administrator, toll-free, at 800-670-6743.

**EXHIBIT B-1**

**B**

21

# EXHIBIT "B-2"

**IMPORTANT:** The refund offered in this letter is available to you at NO COST.

*Consumer Name:*
*Consumer Address1:*
*Consumer Address2:*
*City, State, Zip:*

    Re:    SD MLS Class Action Settlement

Dear *Subscriber Name*:

    I am writing to advise you that you have been identified as a Discontinued Subscriber to the Sandicor Multiple Listing Service. Based on this identification, you are eligible to receive a refund as a result of a settlement obtained in a class action lawsuit on your behalf. The settlement is comprised of a Cash Fund that will be available for the purpose of distributing refunds to you and other MLS Discontinued Subscribers.

    As a Discontinued Subscriber, you are eligible for a refund based on your payments for the Sandicor MLS services between January 1, 2000 and September 23, 2004 (the "Class Period"). Subject to timely receipt of a signed copy of this letter to the Settlement Administrator, each Discontinued Subscriber is entitled to receive a cash settlement equal to $172.00 multiplied by the fraction x/48, where X equals the number of months during the Class Period that the Discontinued Subscriber subscribed to the Sandicor MLS, up to a maximum of 48 months. As the Settlement Administrator appointed by the Court, we have calculated your refund amount to be $_____. If you believe that these calculations are correct, to receive your share of this refund you must only complete and sign and return a copy of this letter to the Settlement Administrator no later than _____, **2005**.

    If you disagree with these calculations, please send a copy of this letter along with any corrections and the back-up materials (for example: invoices, cancelled checks, etc.) to the Settlement Administrator no later than _____, **2005** and we will evaluate your claim further.

    Your refund will be mailed to you following receipt of the properly completed form and after the Effective Settlement Date, which requires that the Court's order approving the Settlement be final and no longer subject to appeal. The postage has been prepaid for you to return the form.

    If you have any questions about this letter or the settlement itself, please feel free to contact the Settlement Administrator, toll-free, at 800-670-6743.

VERIFICATION

I declare under penalty of perjury under the laws of the United States that I subscribed to the Sandicor MLS between January 1, 2000 and [September __, 2004] and that my claim has not been assigned to any third party. As a Class Member, I agree to submit myself to the jurisdiction of the United States District Court for the Southern District of California.

Signed this _____ day of _(month)_, (year)_ at _(city)_____, (state)_____

_____(Signature)_____

(Type or Print Name)_____

_____(Address)_____

## ACCURATE PROCESSING OF CLAIMS MAY TAKE SIGNIFICANT TIME.

## THANK YOU, IN ADVANCE, FOR YOUR PATIENCE.

Before submitting your claim please be sure that you:

1.    Sign the verification.

2.    Keep a copy of the completed form for your records.

3.    Keep any original documents that may support your claim.

4.    Send this form by certified mail (return receipt requested) if you want proof your claim was received.

5.    Submit your claim postmarked on or before [    ].

If you have any questions or change your address, please write to:

SDMLS Litigation Settlement Administrator
c/o Gilardi & Co.
P.O. Box 990
Corte Madera, CA 94976-0990

**EXHIBIT  B-2**

# EXHIBIT "C"

1    Daniel J. Mogin, Esq. (95624)
     Lisa J. Frisella (216504)
2    Chad M. McManamy (225205)
     THE MOGIN LAW FIRM, P.C.
3    110 Juniper Street
     San Diego, CA 92101
4    Telephone:  (619) 687-6611
     Facsimile:  (619) 687-6610
5
     Alexander M. Schack, Esq. (99126)
6    LAW OFFICE OF ALEXANDER M. SCHACK
     16870 W. Bernardo Drive, Suite 400
7    San Diego, CA 92127
     Telephone:  (858) 485-6535
8    Facsimile:  (858) 485-0608

9    Attorneys for Plaintiff ALAN HEMPHILL

10
     [Counsel for Defendants are listed on signature page]
11

12                     UNITED STATES DISTRICT COURT

13                  SOUTHERN DISTRICT OF CALIFORNIA

14

15
     ALAN HEMPHILL, individually and          Case No. 04 CV 1495 BEN (JMA)
16   on behalf of all others similarly situated,   Case No. 98 CV 0139 BEN (JMA)

17       Plaintiffs,                          **CLASS ACTION**

18   v.                                       **[PROPOSED] STIPULATION AND
                                              ORDER FOR PERMANENT
19   SAN DIEGO ASSOCIATION OF                 INJUNCTIVE RELIEF**
     REALTORS, NORTH SAN DIEGO
20   COUNTY ASSOCIATION OR
     REALTORS, PACIFIC SOUTHWEST
21   ASSOCIATION OF REALTORS,
     INC., EAST SAN DIEGO COUNTY
22   ASSOCIATION OF REALTORS,
     CORONADO ASSOCIATION OF
23   REALTORS, INC., SANDICOR, INC.,

24       Defendants.

25

26

27

28

─────────────────────────────────────
[PROPOSED]STIPULATION AND ORDER F⎯⎯          C          Case No. 04 CV 1495 BEN (JMA)
PERMANENT INJUNCTIVE RELIEF                  24

1   Upon the Parties' stipulation and after the Court's independent consideration

2   and deliberation, and good cause appearing therefor,

3   **IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:**

4   1.   Jurisdiction.  This Court has jurisdiction over the subject matter of this

5   action.  Plaintiffs claim that defendants have violated Section 1 of the Sherman Act,

6   15 U.S.C. § 1.  The Court of Appeals has held, in a published decision reported at

7   322 F.3d 1133 (9th Cir. 2003), that certain of the conduct averred by plaintiffs

8   constitutes a per se violation of Section 1 of the Sherman Act and the case was

9   remanded to the District Court for further proceedings consistent with the opinion.

10   2.   As used herein, "Person" shall mean any individual, partnership, firm,

11   association, corporation, or other business or legal entity.  "End User" shall mean

12   any person purchasing the right to use the multiple listing service of Sandicor other

13   than any of the Association Defendants.

14   3.   The provisions of the within order shall be applicable to each of the

15   Settling Defendants and to each of its subsidiaries, successors and assigns, to their

16   respective directors, officers, agents, employees, and, in addition, to all Persons in

17   active concert or participation with any of them who any of them who receive notice

18   of the within order by personal service or otherwise.

19   4.   Sandicor shall unilaterally determine and advise each of the respective

20   Association Defendants of the amount Sandicor will charge that Association

21   Defendant for providing Sandicor MLS data to that Association Defendant.

22   5.   Each of the Association Defendants shall unilaterally determine the

23   amount it will charge to each user of the Sandicor MLS who has heretofore or who

24   hereafter subscribes to, or participates in, the Sandicor MLS, at or through that given

25   Association Defendant.

26   6.   Each Settling Defendant is hereby enjoined from acting in concert with

27   any other Settling Defendant to fix, raise, establish, or maintain the price or amount

28

C
25

1  to be charged by that Settling Defendant to end users or otherwise fixing prices of

2  support services and other goods and services.

3       7.       Each officer, director and employee of each of the Settling Defendants

4  will use her or his good efforts, within the scope of his or her authority, to effectuate

5  the foregoing provisions of this Order.

6       **IT IS SO STIPULATED:**

7

8

9  DATED: September __, 2004          FOR PLAINTIFF ALAN HEMPHILL AND
                                      THE SETTLEMENT CLASS
10

11                                   By: _____
                                          Daniel J. Mogin
12                                        Lisa J. Frisella (216504)
                                          Chad M. McManamy (225205)
13                                        THE MOGIN LAW FIRM, P.C.
                                          110 Juniper Street
14                                        San Diego, CA 92101
                                          Telephone: (619) 687-6611
15                                        Facsimile: (619) 687-6610

16
                                          Alexander M. Schack, Esq. (99126)
17                                        LAW OFFICE OF ALEXANDER M.
                                          SCHACK
18                                        16870 W. Bernardo Drive, Suite 400
                                          San Diego, CA 92127
19                                        Telephone: (858) 485-6535
                                          Facsimile: (858) 485-0608
20

21

22

23

24

25

26

27
                                          C
28                                        26

---

[PROPOSED]STIPULATION AND ORDER FOR      Page 2          Case No. 04 CV 1495 BEN (JMA)
PERMANENT INJUNCTIVE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR Defendant SAN DIEGO
ASSOCIATION OF REALTORS, INC.

By: _____
       Christopher J. Healey
       John T. Brooks
       LUCE, FORWARD, HAMILTON &
       SCRIPPS LLP
       600 West Broadway, Suite 2600
       San Diego, CA 92101-3391
       Telephone: (619) 236-1414
       Facsimile: (619) 232-8311

| [PROPOSED]STIPULATION AND ORDER FOR PERMANENT INJUNCTIVE RELIEF | Page 3 | Case No. 04 CV 1495 BEN (JMA) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR DEFENDANT NORTH SAN DIEGO
COUNTY ASSOCIATION OF
REALTORS, INC.

By: _____
　　　Robert D. Butters
　　　Thadford A. Felton
　　　Robert T. Cichocki
　　　ARNSTEIN & LEHR
　　　120 South Riberside Plaza, Suite 1200
　　　Chicago, IL 60606
　　　Telephone: (312) 876-7100
　　　Facsimile: (312) 876-0288

　　　Kevin K. Forrester
　　　4402 Manchester Avenue, Suite 205
　　　Encinitas, CA 92024-7903
　　　Telephone: (760) 944-1918

C
28

[PROPOSED]STIPULATION AND ORDER FOR   Page 4   Case No. 04 CV 1495 BEN (JMA)
PERMANENT INJUNCTIVE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR DEFENDANTS CORONADO
ASSOCIATION OF REALTORS and
PACIFIC SOUTHWEST ASSOCIATION
OF REALTORS, INC.


By: _____

      Carlton Varner
      Jane Langdell
      SHEPPARD MULLIN RICHTER &
      HAMPTON
      333 So. Hope St., 48th Floor
      Los Angeles, CA 90071
      (Tel.) 213-620-1780
      (Facsimile) 213-620-1398

C
29

| [PROPOSED]STIPULATION AND ORDER FOR PERMANENT INJUNCTIVE RELIEF | Page 5 | Case No. 04 CV 1495 BEN (JMA) |
| --- | --- | --- |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOR DEFENDANT EAST SAN DIEGO
COUNTY ASSOCIATION OF REALTORS

By: _____
     Jon F. McKinley
     LAW OFFICES OF JON
     MCKINLEY
     2494 Fletcher Parkway
     El Cajon, CA 92020
     Telephone: (619) 667-2915
     Facsimile: (619) 667-2920

**C**
**30**

1

2          FOR DEFENDANT SANDICOR, INC

3          By: _____

4              Michael J. Hickman, Esq.
               MUSICK, PEELER & GARRETT
5              LLP
               225 Broadway, Suite 1900
6              San Diego, CA 92101
               Telephone: (619) 525-2500
7              Facsimile: (619) 231-1234

8

9

10

1997236.2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C
31

# EXHIBIT "D"

1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ALAN HEMPHILL, individually and<br>on behalf of all others similarly situated, | Case No. 04 CV 1495 BEN (JMA) |
| 12 | **CLASS ACTION** |
| Plantiffs, | |
| 13 | |
| v. | **FINAL APPROVAL ORDER** |
| 14 | |
| SAN DIEGO ASSOCIATION OF | |
| 15 REALTORS, NORTH SAN DIEGO | |
| COUNTY ASSOCIATION OF | |
| 16 REALTORS, PACIFIC SOUTHWEST | |
| ASSOCIATION OF REALTORS, | |
| 17 INC., EAST SAN DIEGO COUNTY | |
| ASSOCIATION OF REALTORS, | |
| 18 CORONADO ASSOCIATION OF | |
| REALTORS, INC., SANDICOR, INC., | |
| 19 | |
| Defendants. | |
| 20 | |

21

22    WHEREAS this matter, having been brought before the Court on

23    _____, 2005, pursuant to this Court's Preliminary Approval Order dated

      _____, 2004, to determine whether the Settlement Agreement between
24
      plaintiff Alan Hemphill ("Plaintiff") on behalf of himself and all members of the
25
      Settlement Class, and defendants San Diego Association of Realtors, North San
26
      Diego County Association of Realtors, Pacific Southwest Association of Realtors,
27
      Inc., East San Diego County Association of Realtors, Coronado Association of
28

1   Realtors, Inc., and Sandicor, Inc. (collectively "Settling Defendants"), is fair and

2   reasonable and should be approved as in the best interests of the Settlement Class;

3   and

4       WHEREAS notice of the proposed settlement having been given to all

5   members of the Settlement Class as directed by this Court's Preliminary Approval

6   Order, and proof of notice having been filed with the Court; and

7       WHEREAS the Court has received and reviewed the Settlement Agreement

8   and its exhibits; and

9       WHEREAS all persons present or represented at the hearing, who were

10   entitled to be heard pursuant to the Notice Program, having been given an

11   opportunity to be heard; and counsel for the parties having appeared in support of

12   the settlement; and Class Counsel having represented to the Court that in their

13   opinion the settlement is fair and reasonable and in the best interests of the

14   Settlement Class; and

15       WHEREAS the Court having considered all documents filed in support of the

16   settlement, and fully considered all matters raised, all exhibits and affidavits filed

17   and all evidence received at the hearing, all other papers and documents comprising

18   the record herein, and all oral arguments presented to the Court;

19       IT IS HEREBY ORDERED as follows:

20       1.    For purposes of this order, the Court adopts all defined terms as set

21   forth in the Settlement Agreement, incorporated by reference herein.

22       2.    The Court has jurisdiction over the subject matter of the Hemphill

23   Action, and over all parties to the Hemphill Action, including all members of the

24   Settlement Class.

25       3.    The Court approves the settlement of the litigation set forth in the

26   Settlement Agreement as being fair, just, reasonable and adequate to the members of

27   the Settlement Class.

28       4.    Any and all objections to the settlement and Settlement Agreement are

1   overruled as being without merit.

2      5.      This Action may be maintained as a class action for settlement

3   purposes.

4      6.      The Court certifies this litigation as a class action and certifies the

5   Settlement Class as follows:

6         All persons (including natural persons, corporations, partnerships,

7         firms, associations and all other forms of business organizations or

8         legal entities) who at any time during the Class Period paid charges to

9         subscribe to or participate in the Sandicor MLS to the San Diego

10        Association of Realtors, the North San Diego County Association of

11        Realtors, the East San Diego County Association of Realtors, the

12        Pacific Southwest Association of Realtors, Inc., the Coronado

13        Association of Realtors, Inc., or Sandicor, Inc. or their predecessors.

14

15        Specifically excluded from the Settlement Class are the Settling

16        Defendants herein; officers, directors, or employees of any Settling

17        Defendant during the Class Period; any entity in which any Settling

18        Defendant has a controlling interest; the affiliates, legal representatives,

19        attorneys, heirs or assigns of any Settling Defendant. Further excluded

20        are the named plaintiffs in the Freeman Action or the named plaintiffs

21        in any other proceeding asserting claims arising from or related to the

22        Freeman Action, except this Hemphill Action.  Also excluded are any

23        governmental agency, any judicial officer presiding over this matter,

24        his or her spouse and relatives within the third degree of relationship,

25        and any juror assigned to this case.

26     7.      The Court finds that the requirements of Federal Rule of Civil

27   Procedure 23 have been satisfied and that the Plaintiff and Class Counsel fairly and

28   adequately represent the Settlement Class and satisfy the requirements to be

1   representatives of and counsel to the Settlement Class.  The Court further finds,

2   based upon the totality of the record, that class counsel has fulfilled their duties to

3   the members of the plaintiff class.

4       8.      The notice provided to Settlement Class Members pursuant to the

5   Preliminary Approval Order constitutes full and adequate notice and is in full

6   compliance with the requirements of law and due process of law.

7       9.      The settlement shall be implemented and consummated in accordance

8   with the definitions and terms of the Settlement Agreement.

9       10.     Neither the Settlement Agreement, nor any of its terms or provisions,

10  nor any of the negotiations or proceedings connected with it shall be construed as an

11  admission or concession by Settling Defendants of the truth of any of the allegations

12  in the Hemphill Action or any other action, or of any liability, fault or wrongdoing

13  of any kind.

14      11.     The Hemphill Action, and each allegation, claim and causes of action

15  asserted therein against Settling Defendants are dismissed on the merits and with

16  prejudice against Plaintiff and all members of the Settlement Class who have not

17  validly and timely requested exclusion ("Class Members").

18      12.     Plaintiff and all Class Members, on behalf of themselves and any of

19  their respective agents, successors, heirs, assigns, and other persons and entities

20  referenced in the Settlement Agreement, for good and sufficient consideration, the

21  receipt of which is hereby acknowledged, shall be deemed to have released and

22  forever discharged the Settling Defendants, the Related Persons and Entities, and

23  each of them, from any and all Released Claims, as defined in the Settlement

24  Agreement.

25      13.     Plaintiff and Class Members are permanently barred and enjoined from

26  asserting, commencing, prosecuting or continuing the Released Claims, or any of

27  them, against the Settling Defendants, Related Persons and Entities, or any of them.

28

1    14.    Based on the evidence submitted and for good cause shown, Class

2    Counsel are hereby awarded Attorneys' Fees in the amount of $_____.

3    15.    It is expressly determined that there is no just reason for delay and the

4    entry of this judgment is hereby directed.

5    16.    This Final Approval Order is final for purposes of appeal and may be

6    appealed, and the Clerk is hereby directed to enter judgment thereon.

7    17.    Without affecting the finality of this order, the Court retains continuing

8    jurisdiction over implementation of the Settlement and the interpretation,

9    enforcement, and administration of the Stipulation, over all parties hereto and all

10   beneficiaries hereof, including all Class Members, for such purposes.

11   18.    If this Final Approval Order does not become Final in accordance with

12   the terms of the Settlement Agreement, then this Final Approval Order and the Final

13   Judgment thereon, and all other orders entered in connection with this settlement

14   (including without limitation, the Preliminary Approval Order) shall be rendered

15   null, void and vacated in accordance with and to the extent of the terms of

16   Settlement Agreement.

17              IT IS SO ORDERED.

18

19   DATED: _____, 2004          _____

20                                   United States District Court Judge

21

22

23   1999620.1

24

25

26

27

28

FINAL APPROVAL ORDER                    **D**          Case No. 04 CV 1495 BEN (JMA)
                                        36

# EXHIBIT "E"

1

2

3

4

5

6

7

8

9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| ALAN HEMPHILL, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 04-CV 1495 BEN (JMA) |
| | ) | **CLASS ACTION** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| | ) | **FINAL JUDGMENT** |
| SAN DIEGO ASSOCIATION OF REALTORS, NORTH SAN DIEGO COUNTY ASSOCIATION OF REALTORS, PACIFIC SOUTHWEST ASSOCIATION OF REALTORS, INC., EAST SAN DIEGO COUNTY ASSOCIATION OF REALTORS, CORONADO ASSOCIATION OF REALTORS, INC., SANDICOR, INC., | ) ) ) ) ) ) ) ) | |
| | ) | Date:   September 24, 2004 |
| Defendants. | ) ) | Time:  11:30 a.m. Dept.: 3 |
| | ) | Judge: Hon. Roger T. Benitez |

11

12

13

14

15

16

17

18

19

20

21        On _____, 2004, the parties entered into a Stipulation of Settlement ("Stipulation"),

22    which is expressly incorporated by reference and attached as Exhibit A.  For purposes of this Final

23    Judgment, the Court adopts the definitions set forth in the Stipulation.

24        On _____, 2004,  the Court entered the Preliminary Approval Order, which, *inter alia*,

25    provided for conditional certification of the Settlement Class, appointed Class Counsel, provided for

26    notice to the Settlement Class, appointed a Settlement Administrator, and established a schedule for

27    a Final Approval Hearing before this Court and a stay of further proceedings (*see* Exhibit __).  After

28

1  notice to Class Members, on _____, 2004, the Court conducted the Final Approval Hearing

2  and entered the Final Approval Order, wherein it approved the proposed settlement and awarded

3  attorneys' fees and reimbursement of certain costs (*see* Exhibit __).

4      **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

5      1.    The Stipulation of Settlement (Exhibit __) is hereby made a part of this Judgment

6  and incorporated herein.

7      2.    The above-captioned action is dismissed on the merits and with prejudice as to

8  Plaintiffs and all members of the Settlement Class who have not validly and timely requested

9  exclusion from the Settlement Class.  Persons who have requested to be excluded from the

10  Settlement Class and the Settlement are listed in Exhibit __ and will not be bound by this Judgment.

11      3.    Without affecting the finality of this Final Judgment, the Court retains continuing

12  jurisdiction over implementation of the Settlement and the interpretation, enforcement and

13  administration of the Stipulation, and over all parties hereto and all beneficiaries hereof, including

14  all Class Members, for such purposes.

15      4.    The Clerk of the Court is directed to enter this Judgment, without delay, as a final

16  judgment.

17

18  Date:_____      _____

19                                Roger T. Benitez
                            United States District Judge

20

21

22

23

24

25

26

27

28

## GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED:

<u>Settlement Class</u>

11.     Solely within the context of and for purposes of holding a hearing to consider whether this Court should grant final approval to the proposed settlement, this action is determined to be properly maintained as a class action pursuant to Rule 23(b)(2) and (b)(3), Federal Rules of Civil Procedure, with a class, for settlement purposes only, consisting of:

> All persons (including natural persons, corporations, partnerships, firms, associations and all other forms of business organizations or legal entities) who at any time during the Class Period paid charges to subscribe to or participate in the Sandicor MLS to the San Diego Association of Realtors, the North San Diego County Association of Realtors, the East San Diego County Association of Realtors, the Pacific Southwest Association of Realtors, Inc., the Coronado Association of Realtors, or Sandicor, Inc. or their predecessors.

> Specifically excluded from the Settlement Class are the Settling Defendants herein; officers, directors, or employees of any defendants during the Class Period; any entity in which any Settling Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs or assigns of any Settling Defendant.  Further excluded are the named plaintiffs in the Freeman Action or the named plaintiffs in any other proceeding asserting claims arising from or related to the *Freeman* Action (USDC SD Cal. Case No. 98 CV 0139 BEN (JMA)), except this Hemphill Action. Also excluded are any governmental agency, any judicial officer presiding over this matter, his or her spouse and relatives within the third degree of relationship, and any juror assigned to this case.

<u>Appointment of Class Counsel</u>

12.     Pursuant to Federal Rule of Civil Procedure, Rule 23(g) the Court hereby appoints Daniel J. Mogin of the Mogin Law Firm, P.C. and Alexander M. Schack of  the Law Office of Alexander M. Schack as Class Counsel. The Court finds that Mr. Mogin and Mr. Schack will fairly and adequately represent the interests of the class.  In making this appointment the Court has

1    considered, *inter alia*, the work that counsel has done in investigating potential claims in the action,

2    including the work remaining to be done at this stage in the litigation, counsels' extensive experience

3    in handling class actions other complex litigation including specifically antitrust claims similar to

4    those asserted here, counsels' knowledge of the applicable law and the resources that counsel will

5    commit to representing the class.

6    Appointment of Settlement Administrator

7         13.    The Court hereby appoints Gilardi & Company, of Larkspur, California, as Settlement

8    Administrator to perform the duties as outlined the Settlement Agreement between the Parties, and

9    the orders of this Court.

10   Notice

11        14.    Two forms of notice: a Summary Notice of Class Certification and Settlement

12   ("Summary Notice") attached hereto as <u>Exhibit A-1, </u>and a Notice of Class Certification and

13   Settlement ("Notice"), attached hereto as <u>Exhibit A-2, </u>shall be given to the class.

14        15.    Within 30 days after the Court orders Preliminary Approval, or as soon thereafter as

15   practicable, the Settlement Administrator shall cause Summary Notice to be disseminated to the

16   Class, substantially in the form attached hereto as Exhibit A-1, by publication in the newspapers and

17   periodicals listed in Exhibit A-3. Proof of dissemination of such Summary Notice shall be filed by

18   the Settlement Administrator prior to the final approval hearing.  The Notice, substantially in the

19   form of Exhibit A-2, shall be posted on the website link(s) pursuant to Paragraph 16 below, and shall

20   be mailed to class members at their last known address.  The expense of giving notice to the class

21   members shall be paid by the Settling Defendants separately and directly to the Settlement

22   Administrator and is not subject claims for reimbursement or otherwise from the Settlement Class.

23   Dissemination of the Notice as provided above is hereby authorized and approved, and satisfies the

24   notice requirements of Rule 23(e), Federal Rules of Civil Procedure, the Constitution of the United

25   States, due process and any other applicable rule(s) of this Court.

26        16.    Within 30 days after the Court orders Preliminary Approval, or as soon thereafter as

27   practicable, the Settlement Administrator shall establish a website link, which will contain the Notice

28

1   to Class Members. The Summary Notice and Notice shall contain the address of the website, which

2   shall remain available until six months after the Effective Settlement Date.

3        17.     Within 30 days after the Court orders Preliminary Approval, or as soon thereafter as

4   practicable, the Settlement Administrator shall provide a toll-free telephone number to provide

5   information to Class Members about the nature of the settlement.  The Summary Notice and Notice

6   shall contain the toll-free telephone number.

7        18.     Within 30 days after the Court orders Preliminary Approval, or as soon thereafter as

8   practicable, the Settling Defendants will also establish a link to the Settlement Website on the home

9   pages of: the Sandicor, Inc. website (www.sandicor.com); the San Diego Association of Realtors

10  website (www.sdar.com); North San Diego County Association of Realtors, Inc. website

11  (www.nsdcar.com); East San Diego County Association of Realtors website (www.esdcar.org); the

12  Pacific Southwest Association of Realtors website (www.psar.org); and, the Coronado Association

13  of Realtors website (www.caor.com).

**Opt-Outs**

15       19.     Any member of the Class may request exclusion from the class by first class mail,

16  personally signed, and stating unequivocally that they wish to be excluded from this class action

17  settlement.  Any request for exclusion must be mailed, postmarked on or before

18

19  _____ [thirty-five (35) days after deadline for first publication of Notice], to:

20       SDMLS Litigation Settlement Administrator
      c/o Gilardi & Co.

21       P.O. Box 990

22       Corte Madera, CA 94976-0990

23  and referring, in the request for exclusion, to the name and number of this litigation, *Hemphill, et*

24  *al. v. San Diego Association of Realtors*  Docket No. 04 CV 1495 BEN (JMA). Such request shall

25  state the name and address of the member of the class requesting exclusion, and that such class

26  member elects to be excluded from this litigation. The class member must sign the request for

27  exclusion personally. Any class member who chooses to be excluded and who provides the requested

28

1   information will not be bound by any judgment entered in connection with this settlement. Copies

2   of any exclusions received by Plaintiffs' counsel pursuant to this paragraph shall be served on

3   counsel for Settling Defendants, as provided for in the Settlement Agreement, and shall be filed with

4   the Court by Plaintiffs' counsel before the date for the hearing on final approval.

5   Final Approval Hearing

6        20.    On or about _____, [30-45 days after conclusion of opt -out period]

7   this Court shall conduct a Final Approval Hearing pursuant to Rule 23(e) of the Federal Rules of

8   Civil Procedure, at which time the Court will consider (i) whether the Settlement is fair, reasonable

9   and adequate; (ii) whether Class Counsel have adequately represented the interests of the Settlement

10  Class; (iii) whether the Settlement Class, excluding those persons who exercise their right to opt out

11  of participation in the Settlement, will be permanently certified; (iv) whether the Judgment approving

12  the settlement substantially the form of Exhibit E, should be entered; (v) whether an award of

13  Attorneys'' Fees and expenses should be made to Class Counsel (vi) whether an incentive award be

14  made to Plaintiff Hemphill (vii) any timely and proper objections to the Settlement and (viii) such

15  further matter as the Court shall deem necessary or advisable to determine whether the Settlement

16  and its terms are fair, just and reasonable as regards the Settlement Class.

17

18       21.    Any briefs shall be submitted not less than 14 days before the Final Approval

19  Hearing, unless otherwise agreed by the parties or ordered by the Court.

20

21       22.    The Final Approval Hearing may be continued from time to time as necessary without

22  further notice to the Settlement Class.

23  Class Member Appearances

24       23.    Any member of the class who does not elect to be excluded from this litigation may

25  enter an appearance on their own behalf in this action through that class member's own attorney (at

26  her or his own expense), but need not do so. Class members who do not enter an appearance through

27  their own attorneys will be represented by the Plaintiffs as class representatives and Class Counsel,

28

whose fees and costs will be paid as provided in the Settlement Agreement.

Objections

24.    Any member of the class who has not timely requested exclusion may appear at the approval hearing and show cause why the Court should not approve this settlement, and dismiss this action with prejudice as to the Settling Defendants, and may appear at the hearing to support or oppose Class Counsel's application for attorneys' fees and expenses and the award of incentive fees to Plaintiff Hemphill.  For a member of the class to have any objections considered, the class member must send a sworn statement by first class mail postmarked no later than _____, 2004 [thirty-five (35) days after deadline for first publication of Notice], to each of the following:

> SDMLS Litigation Settlement Administrator
> c/o Gilardi & Co.
> P.O. Box 990
> Corte Madera, CA 94976-0990

and to each of:

For Plaintiffs' Class Counsel:            For Settling Defendants' Counsel:

Daniel J. Mogin                           John T. Brooks
THE MOGIN LAW FIRM, P.C.                  LUCE FORWARD HAMILTON & SCRIPPS LLP
110 Juniper Street                        600 West Broadway
San Diego, CA 92101                       Suite 2600
                                          San Diego, CA 92101-3372

This statement shall include: (1) the class member's complete name and residence or business address (giving the address of any lawyer who represents the class member is not sufficient); (2) that the class member purchased MLS Service Fees during the period January 1, 2000 through and including _____, 2004; and (3) each ground for comment or objection and any supporting papers the class member desires the Court to consider (i.e., a mere statement that "I object" shall not be deemed to be sufficient).  The Settlement Administrator, Class Counsel and counsel for the

Settling Defendants shall provide copies of any objections received to each other.  Plaintiffs' Counsel shall file copies with the Court at least fourteen (14) days before the Final Approval Hearing final approval. The filing of any objection shall not extend the time within which a class member may file a request for exclusion from the settlement.

Stay of Further Proceedings

25.   Except as otherwise provided in this Order or as necessary to effectuate the terms of the Settlement Stipulation, all further proceedings in this matter are hereby stayed and all persons are hereby barred from initiating or engaging in any proceedings in any court or other forum regarding the subject matter of the Hemphill action except nothing herein shall be construed as staying the *Freeman* Action.

IT IS SO ORDERED:

Dated: _____, 2004

                                                      _____
                                                      Honorable Roger T. Benitez
                                                      United States District Judge

# EXHIBIT "A-1"

## SUMMARY NOTICE

*Hemphill v. San Diego Association of Realtors, et. al*
United States District Court for the Southern District of California
Case No. 04 CV 1495 BEN (JMA)

## If you subscribed to the Multiple Listing Service in San Diego between January 1, 2000 and September 23, 2004 you could be eligible to receive a portion of a class action settlement.

### PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED.

This Summary Notice is qualified in its entirety by the published Long Form Notice and the Stipulation of Settlement on file with the Court.

This notice concerns a proposed settlement of a lawsuit (the "Hemphill Action") against the San Diego Association of Realtors, the North San Diego County Association of Realtors, the East San Diego County Association of Realtors, the Pacific Southwest Association of Realtors, Inc., the Coronado Association of Realtors, Inc., and Sandicor, Inc. ("Settling Defendants") on behalf of persons subscribing to the Sandicor Multiple Listing Service ("Sandicor MLS") in San Diego County during the period from January 1, 2000 to September 23, 2004. The Action is currently pending in United States District Court, Southern District of California (the "Court").

**Who's Included?**
All persons (including natural persons, corporations, partnerships, firms, associations and all other forms of business organizations or legal entities) who at any time during the Class Period paid charges to subscribe to or participate in the Sandicor MLS to the San Diego Association of Realtors, the North San Diego County Association of Realtors, the East San Diego County Association of Realtors, the Pacific Southwest Association of Realtors, Inc., the Coronado Association of Realtors, Inc., or Sandicor, Inc. or their predecessors.

**Who's Excluded?**
Specifically excluded from the Settlement Class are the Settling Defendants herein; officers, directors, or employees of any Settling Defendants during the Class Period; any entity in which any Settling Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs or assigns of any Settling Defendant. Further excluded are the named plaintiffs in the Freeman Action or the named plaintiffs in any other proceeding asserting claims arising from or related to the Freeman Action (USDC SD Cal. Case No. 98 CV 0139 BEN (JMA)), except this Hemphill Action. Also excluded are any governmental agency, any judicial officer presiding over this matter, his or her spouse and relatives within the third degree of relationship, and any juror assigned to this case.

**What's This About?**
The Complaint ("Complaint") filed by Plaintiff, generally alleges that Settling Defendants have acted unlawfully by, among other things, combining, conspiring or otherwise engaging in a common course of conduct to fix, raise, maintain or stabilize prices of MLS service fees in violation of the Section 1 of Sherman Act (15 U.S.C. section 1), that Plaintiffs have been injured in their business or property by reason of such violations and have suffered damages pursuant to Section 4 of the Clayton Act (15 U.S.C. section 15), including paying more for such service fees than they would have paid in a competitive market. Settling Defendants deny the allegations of the Complaint.

**What Does The Settlement Provide?**
The Settlement provides, among other things, that Settling Defendants will pay into a Cash Fund of as much as [One Million Two Hundred Fifty Three Thousand Seven Hundred and Eight Dollars ($1,253,708.00)] for payment to Discontinued Subscribers, automatic subscription credits with a retail value of as much as [Three Million One Hundred Forty Thousand Two Hundred and Four Dollars ($3,140,204.00)] for Continuing Subscribers, an incentive award of Ten Thousand Dollars ($10,000) to plaintiff, Alan Hemphill, attorneys fees and costs not to exceed One Million One Hundred Twenty Five Thousand Dollars ($1,125,000.00), and the costs of Notice and Administration of the Settlement. The Settlement also provides for the entry of a Stipulated Order enjoining future conduct. Settling Defendants' limited ability to pay was a substantial factor in determining the nature and amounts of settlement.

**How Do You Ask For A Payment?**
You will receive a detailed notice and claim form package that contains everything you need. To qualify for the cash refund, you must send in a claim form.

**What Are Your Other Options?**
If you don't want to be legally bound by the settlement, you must exclude yourself by ____, 2004. If you exclude yourself, you can't get any benefits from this settlement. If you stay in the settlement, you may object to it by ___, 2004. The detailed notice explains how to exclude yourself or object.

The Court will hold a hearing in this case to consider whether to approve the settlement and a request by the lawyers representing all Class Members for attorneys' fees and costs. The fees and costs will not reduce the settlement fund. You may ask to appear at the hearing, but you don't have to. For more information, visit the website www.gilardi.com, write to The Mogin Law Firm, P.C. 110 Juniper St., San Diego, CA 92101, or call 1-800-555-1111.

## www.gilardi.com

**A**

# EXHIBIT "A-2"

LONG FORM NOTICE

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN HEMPHILL, individually and on behalf ) of all others similarly situated, )<br><br>        Plaintiffs, )<br><br>        vs. )<br><br>SAN DIEGO ASSOCIATION OF REALTORS, )<br>NORTH SAN DIEGO COUNTY )<br>ASSOCIATION OF REALTORS, PACIFIC )<br>SOUTHWEST ASSOCIATION OF )<br>REALTORS, INC., EAST SAN DIEGO )<br>COUNTY ASSOCIATION OF REALTORS, )<br>CORONADO ASSOCIATION OF )<br>REALTORS, INC., SANDICOR, INC., )<br><br>        Defendants. )<br>        ) | Case No. 04 CV 1495 BEN (JMA)<br><br>**CLASS ACTION** |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

TO: ALL PERSONS (INCLUDING NATURAL PERSONS, CORPORATIONS, PARTNERSHIPS, FIRMS, ASSOCIATIONS AND ALL OTHER FORMS OF BUSINESS ORGANIZATIONS OR LEGAL ENTITIES) WHO AT ANY TIME DURING THE PERIOD JANUARY 1, 2000 THROUGH AND INCLUDING SEPTEMBER 23, 2004 ("CLASS PERIOD"), PAID CHARGES TO PARTICIPATE IN THE MULTIPLE LISTING SERVICE ("MLS") TO THE SAN DIEGO ASSOCIATION OF REALTORS, THE NORTH SAN DIEGO COUNTY ASSOCIATION OF REALTORS, THE EAST SAN DIEGO COUNTY ASSOCIATION OF REALTORS, THE PACIFIC SOUTHWEST ASSOCIATION OF REALTORS, INC., THE CORONADO ASSOCIATION OF REALTORS, INC., OR SANDICOR, INC. OR THEIR PREDECESSORS.

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DON'T ACT. PLEASE READ THIS NOTICE CAREFULLY.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

    1.    **Introduction** - This notice concerns a proposed settlement (the "Settlement") of a lawsuit (the "Action") against the San Diego Association of Realtors, the North San Diego County Association of Realtors, the East San Diego County Association of Realtors, the Pacific Southwest Association of Realtors, Inc., the Coronado Association of Realtors, Inc., and Sandicor, Inc.

**A**
11

Legal Tabs Co. 1-800-322-3022

Recycled    Stock # EXA-5-B



Daniel J. Mogin, Esq. (95624)
Lisa J. Frisella (216504)
Chad M. McManamy (225205)
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA 92101
Telephone: (619) 687-6611
Facsimile: (619) 687-6610

Alexander M. Schack, Esq. (99126)
LAW OFFICE OF ALEXANDER M. SCHACK
16870 W. Bernardo Drive, Suite 400
San Diego, CA 92127
Telephone: (858) 485-6535
Facsimile: (858) 485-0608

Attorneys for Plaintiff ALAN HEMPHILL
and the Plaintiff Class

**FILED**

SEP 2 4 2004

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

ALAN HEMPHILL, individually and on behalf of all others similarly situated,

        Plaintiffs,

        vs.

SAN DIEGO ASSOCIATION OF REALTORS, NORTH SAN DIEGO COUNTY ASSOCIATION OF REALTORS, PACIFIC SOUTHWEST ASSOCIATION OF REALTORS, EAST SAN DIEGO COUNTY ASSOCIATION OF REALTORS, CORONADO ASSOCIATION OF REALTORS, SANDICOR, INC.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 04 CV 1495 BEN (JMA)

**CLASS ACTION**

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT, CONDITIONALLY CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS COUNSEL, APPOINTING SETTLEMENT ADMINISTRATOR, SCHEDULING A HEARING ON FINAL APPROVAL OF SETTLEMENT, PROVIDING FOR OPT-OUTS AND OBJECTIONS AND STAYING FURTHER PROCEEDINGS.**

Date:   September 24, 2004
Time:  11:30 a.m.
Courtroom: 3, 4th Floor
Judge: Hon. Roger T. Benitez

---

ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT      **Page 1**      04 CV 1495 BEN (JMA)

**INTRODUCTION**

The Court has considered the parties request for an Order Granting Preliminary Approval of Class Action Settlement, Conditionally Certifying Settlement Class, Appointing Class Counsel, Appointing Settlement Administrator, Scheduling a Hearing on Final Approval of Settlement ("Final Approval Hearing") and Staying Further Proceedings In the Action. This Court has presided over certain of the proceedings in the above-captioned action (the "Class Action") and has reviewed all of the pleadings, records and papers on file herein.

Subject to final approval of this Court as provided in Federal Rues of Civil Procedure, Rule 23(e), plaintiff Hemphill, both individually and on behalf of all members of the proposed Settlement Class (sometimes collectively referred to herein as "Plaintiffs") have entered into a Stipulation of Settlement dated September 23, 2004 (which has been lodged with the Court) with the following entities, collectively referred to as "Settling Defendants": San Diego Association of Realtors, North San Diego County Association of Realtors, Inc., East San Diego County Association of Realtors, Coronado Association of Realtors (sometimes collectively referred to herein as the "Association Defendants") and Sandicor, Inc. ("Sandicor"). The Court has reviewed the Stipulation of Settlement together with the Exhibits thereto, and has heard the attorneys for the parties with respect to the proposed settlement of this action. The Court has determined that inquiry should be made as to the fairness and adequacy of this proposed settlement. The Court has conducted a hearing respecting the reasonableness of proceeding with this proposed settlement, and good cause appearing therefor, now finds and orders as follows:

**FINDINGS**

1.   The Court finds that the proposed settlement falls within the range of possible approval and is sufficiently fair to warrant the dissemination of notice to the proposed class members apprizing them of the settlement, and finds that the proposed class, as defined in Paragraph 11, below, is proper and should be certified for settlement purposes only.

2.   Solely within the context of and for the purposes of settlement, the Court finds that: (a) the members of the class are so numerous that joinder would be impractical; (b) there are questions of law or fact which are common to the class, and those common questions predominate

1  over individual questions; (c) the Plaintiffs' claims are typical of the claims of the absent members

2  of the class; (d) Plaintiffs have and will fairly and adequately represent the interests of the absent

3  members of the class; and (e) this class action is superior to any other available method for the fair

4  and efficient adjudication of the controversy.

5    3.    Any putative class member will have the right to exclude themself from the class to

6  pursue individual litigation, should they choose to do so. It is desirable to maintain this litigation

7  under the jurisdiction of this Court to facilitate the parties' Settlement Stipulation and resolve all of

8  the claims of the proposed Settlement Class.

9    4.    The Court appointed Maxwell W. Blecher to act as the Settlement Mediator, whose

10  mediation efforts contributed to this settlement.

11    5.    Settlement efforts were also made in conjunction with the Magistrate Judge assigned

12  to this case, the Hon. Jan M. Adler.

13    6.    The proposed settlement is the product of arm's length, serious, informed and non-

14  collusive negotiations between experienced and knowledgeable counsel.

15    7.    The Settlement Agreement is granted preliminary approval and incorporated herein

16  by this reference, and has the full force and effect of an order of this Court.

17    8.    A hearing is appropriate to consider whether this Court should grant final approval

18  to this settlement, and to allow adequate time for members of the class, or their counsel, to support

19  or oppose this settlement.

20    9.    A hearing is also appropriate for this Court to determine the appropriate amount to

21  be awarded to Class Counsel, in attorneys' fees and costs, as well as "incentive awards" to the named

22  Plaintiff and to allow adequate time for Plaintiffs' Counsel to submit their application for attorneys'

23  fees and costs, as well as for members of the class to support or oppose that application.

24    10.    The terms and definitions set forth in the Stipulation of Settlement are hereby adopted

25  and incorporated into this Order.

26  ///

27  ///

28  ///

## GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED:

Settlement Class

11.     Solely within the context of and for purposes of holding a hearing to consider whether this Court should grant final approval to the proposed settlement, this action is determined to be properly maintained as a class action pursuant to Rule 23(b)(2) and (b)(3), Federal Rules of Civil Procedure, with a class, for settlement purposes only, consisting of:

> All persons (including natural persons, corporations, partnerships, firms, associations and all other forms of business organizations or legal entities) who at any time during the Class Period paid charges to subscribe to or participate in the Sandicor MLS to the San Diego Association of Realtors, the North San Diego County Association of Realtors, the East San Diego County Association of Realtors, the Pacific Southwest Association of Realtors, Inc., the Coronado Association of Realtors, or Sandicor, Inc. or their predecessors.

> Specifically excluded from the Settlement Class are the Settling Defendants herein; officers, directors, or employees of any defendants during the Class Period; any entity in which any Settling Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs or assigns of any Settling Defendant.   Further excluded are the named plaintiffs in the Freeman Action or the named plaintiffs in any other proceeding asserting claims arising from or related to the *Freeman* Action (USDC SD Cal. Case No. 98 CV 0139 BEN (JMA)), except this Hemphill Action. Also excluded are any governmental agency, any judicial officer presiding over this matter, his or her spouse and relatives within the third degree of relationship, and any juror assigned to this case.

Appointment of Class Counsel

12.     Pursuant to Federal Rule of Civil Procedure, Rule 23(g) the Court hereby appoints Daniel J. Mogin of the Mogin Law Firm, P.C. and Alexander M. Schack of the Law Office of Alexander M. Schack as Class Counsel. The Court finds that Mr. Mogin and Mr. Schack will fairly and adequately represent the interests of the class.  In making this appointment the Court has

1    considered, *inter alia*, the work that counsel has done in investigating potential claims in the action,

2    including the work remaining to be done at this stage in the litigation, counsels' extensive experience

3    in handling class actions other complex litigation including specifically antitrust claims similar to

4    those asserted here, counsels' knowledge of the applicable law and the resources that counsel will

5    commit to representing the class.

6    Appointment of Settlement Administrator

7         13.    The Court hereby appoints Gilardi & Company, of Larkspur, California, as Settlement

8    Administrator to perform the duties as outlined the Settlement Agreement between the Parties, and

9    the orders of this Court.

10   Notice

11        14.    Two forms of notice: a Summary Notice of Class Certification and Settlement

12   ("Summary Notice") attached hereto as Exhibit A-1, and a Notice of Class Certification and

13   Settlement ("Notice"), attached hereto as Exhibit A-2, shall be given to the class.

14        15.    On or before November 1, 2004, the Settlement Administrator shall cause Summary

15   Notice to be disseminated to the Class, substantially in the form attached hereto as Exhibit A-1, by

16   publication in the newspapers and periodicals listed in Exhibit A-3. Proof of dissemination of such

17   Summary Notice shall be filed by the Settlement Administrator prior to the final approval hearing.

18   The Notice, substantially in the form of Exhibit A-2, shall be posted on the website link(s) pursuant

19   to Paragraph 16 below, and shall be mailed to class members at their last known address.  The

20   expense of giving notice to the class members shall be paid by the Settling Defendants separately

21   and directly to the Settlement Administrator and is not subject claims for reimbursement or

22   otherwise from the Settlement Class. Dissemination of the Notice as provided above is hereby

23   authorized and approved, and satisfies the notice requirements of Rule 23(e), Federal Rules of Civil

24   Procedure, the Constitution of the United States, due process and any other applicable rule(s) of this

25   Court.

26        16.    On or before November 1, 2004, the Settlement Administrator shall establish a

27   website link, which will contain the Notice to Class Members. The Summary Notice and Notice shall

28

---

**ORDER GRANTING PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT          Page 5                    04 CV 1495 BEN (JMA)**

1   contain the address of the website, which shall remain available until six months after the Effective

2   Settlement Date.

3     17. On or before November 1, 2004, the Settlement Administrator shall provide a toll-

4   free telephone number to provide information to Class Members about the nature of the settlement.

5   The Summary Notice and Notice shall contain the toll-free telephone number.

6     18. On or before November 1, 2004, the Settling Defendants will also establish a link

7   to the Settlement Website on the home pages of: the Sandicor, Inc. website (www.sandicor.com);

8   the San Diego Association of Realtors website (www.sdar.com); North San Diego County

9   Association of Realtors, Inc. website (www.nsdcar.com); East San Diego County Association of

10   Realtors website (www.esdcar.org); the Pacific Southwest Association of Realtors website

11   (www.psar.org); and, the Coronado Association of Realtors website (www.caor.com).

12   Opt-Outs

13     19. Any member of the Class may request exclusion from the class by first class mail,

14   personally signed, and stating unequivocally that they wish to be excluded from this class action

15   settlement. Any request for exclusion must be mailed, postmarked on or before December 7, 2004,

16   to:

17     SDMLS Litigation Settlement Administrator

18     c/o Gilardi & Co.

19     P.O. Box 990

20     Corte Madera, CA 94976-0990

21   and referring, in the request for exclusion, to the name and number of this litigation, *Hemphill, et*

22   *al. v. San Diego Association of Realtors* Docket No. 04 CV 1495 BEN (JMA). Such request shall

23   state the name and address of the member of the class requesting exclusion, and that such class

24   member elects to be excluded from this litigation. The class member must sign the request for

25   exclusion personally. Any class member who chooses to be excluded and who provides the requested

26   information will not be bound by any judgment entered in connection with this settlement. Copies

27   of any exclusions received by Plaintiffs' counsel pursuant to this paragraph shall be served on

28

counsel for Settling Defendants, as provided for in the Settlement Agreement, and shall be filed with the Court by Plaintiffs' counsel before the date for the hearing on final approval.

Final Approval Hearing

20.     On or about January 28, 2005, this Court shall conduct a Final Approval Hearing pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, at which time the Court will consider (i) whether the Settlement is fair, reasonable and adequate; (ii) whether Class Counsel have adequately represented the interests of the Settlement Class; (iii) whether the Settlement Class, excluding those persons who exercise their right to opt out of participation in the Settlement, will be permanently certified; (iv) whether the Judgment approving the settlement substantially the form of Exhibit E, should be entered; (v) whether an award of Attorneys'' Fees and expenses should be made to Class Counsel (vi) whether an incentive award be made to Plaintiff Hemphill (vii) any timely and proper objections to the Settlement and (viii) such further matter as the Court shall deem necessary or advisable to determine whether the Settlement and its terms are fair, just and reasonable as regards the Settlement Class.

21.     Any briefs shall be submitted not less than 14 days before the Final Approval Hearing, unless otherwise agreed by the parties or ordered by the Court.   Reply briefs filed and served no later than January 24, 2005 at 5:00 p.m.

22.     The Final Approval Hearing may be continued from time to time as necessary without further notice to the Settlement Class.

Class Member Appearances

23.     Any member of the class who does not elect to be excluded from this litigation may enter an appearance on their own behalf in this action through that class member's own attorney (at her or his own expense), but need not do so. Class members who do not enter an appearance through their own attorneys will be represented by the Plaintiffs as class representatives and Class Counsel,

whose fees and costs will be paid as provided in the Settlement Agreement.

Objections

24.    Any member of the class who has not timely requested exclusion may appear at the approval hearing and show cause why the Court should not approve this settlement, and dismiss this action with prejudice as to the Settling Defendants, and may appear at the hearing to support or oppose Class Counsel's application for attorneys' fees and expenses and the award of incentive fees to Plaintiff Hemphill.  For a member of the class to have any objections considered, the class member must send a sworn statement by first class mail postmarked no later than December 7, 2004, to each of the following:

> SDMLS Litigation Settlement Administrator
> c/o Gilardi & Co.
> P.O. Box 990
> Corte Madera, CA 94976-0990

and to each of:

| For Plaintiffs' Class Counsel: | For Settling Defendants' Counsel: |
|---|---|
| Daniel J. Mogin | John T. Brooks |
| THE MOGIN LAW FIRM, P.C. | LUCE FORWARD HAMILTON & SCRIPPS LLP |
| 110 Juniper Street | 600 West Broadway |
| San Diego, CA 92101 | Suite 2600 |
| | San Diego, CA 92101-3372 |

This statement shall include: (1) the class member's complete name and residence or business address (giving the address of any lawyer who represents the class member is not sufficient); (2) that the class member purchased MLS Service Fees during the period January 1, 2000 through and including September 23, 2004; and (3) each ground for comment or objection and any supporting papers the class member desires the Court to consider (i.e., a mere statement that "I object" shall not be deemed to be sufficient).  The Settlement Administrator, Class Counsel and counsel for the

1  Settling Defendants shall provide copies of any objections received to each other.  Plaintiffs'

2  Counsel shall file copies with the Court at least fourteen (14) days before the Final Approval Hearing

3  final approval. The filing of any objection shall not extend the time within which a class member

4

5  may file a request for exclusion from the settlement.

6  <u>Stay of Further Proceedings</u>

7        25.   Except as otherwise provided in this Order or as necessary to effectuate the terms of

8  the Settlement Stipulation, all further proceedings in this matter are hereby stayed and all persons

9  are hereby barred from initiating or engaging in any proceedings in any court or other forum

10

11  regarding the subject matter of the Hemphill action except nothing herein shall be construed as

12  staying the *Freeman* Action.

13  IT IS SO ORDERED:

14  Dated: SEP 2 7 2004 , 2004

                                                    RTB /S/

15  

16                                     Honorable Roger T. Benitez
                                     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

Legal Tabs Co. 1-800-322-3022

Recycled   Stock # EXA-5-B

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11   ALAN HEMPHILL, individually and on          Case No. 04 CV 1495 BEN (JMA)
     behalf of all others similarly situated,

12
                    Plaintiffs,                   **CLASS ACTION**
13
     v.
14                                                **ORDER GRANTING FINAL**
     SAN DIEGO ASSOCIATION OF                     **APPROVAL OF**
15   REALTORS, NORTH SAN DIEGO                    **CLASS SETTLEMENT**
     COUNTY ASSOCIATION OF REALTORS,
16   PACIFIC SOUTHWEST ASSOCIATION OF
     REALTORS, INC., EAST SAN DIEGO
17   COUNTY ASSOCIATION OF REALTORS,             Date:  January 28, 2005
     CORONADO ASSOCIATION OF                     Time:  1:30 p.m.
18   REALTORS, INC., SANDICOR, INC.,             Crtrm: 3, 4th Floor
                                                 Judge: Hon. Roger T. Benitez
19                  Defendants.

20

21

22          WHEREAS this matter, having been brought before the Court on January 28, 2005,

23   pursuant to this Court's Preliminary Approval Order dated September 24, 2004, to determine

24   whether the Settlement Agreement between plaintiff Alan Hemphill ("Plaintiff") on behalf of

25   himself and all members of the Settlement Class, and defendants San Diego Association of

26   Realtors, North San Diego County Association of Realtors, Pacific Southwest Association of

27   Realtors, Inc., East San Diego County Association of Realtors, Coronado Association of Realtors,

28   Inc., and Sandicor, Inc. (collectively "Settling Defendants"), is fair and reasonable and should be

---

1  approved as in the best interests of the Settlement Class; and

2  WHEREAS notice of the proposed settlement having been given to all members of the

3  Settlement Class as directed by this Court's Preliminary Approval Order, and proof of notice

4  having been filed with the Court; and

5  WHEREAS the Court has received and reviewed the Settlement Agreement and its

6  exhibits; and

7  WHEREAS all persons present or represented at the hearing, who were entitled to be heard

8  pursuant to the Notice Program, having been given an opportunity to be heard; and counsel for the

9  parties having appeared in support of the settlement; and Class Counsel having represented to the

10  Court that in their opinion the settlement is fair and reasonable and in the best interests of the

11  Settlement Class; and

12  WHEREAS the Court having considered all documents filed in support of the settlement,

13  and fully considered all matters raised, all exhibits and affidavits filed and all evidence received at

14  the hearing, all other papers and documents comprising the record herein, and all oral arguments

15  presented to the Court;

16  IT IS HEREBY ORDERED as follows:

17  1.  For purposes of this order, the Court adopts all defined terms as set forth in the

18  Settlement Agreement, incorporated by reference herein.

19  2.  The Court has jurisdiction over the subject matter of the Hemphill Action, and over

20  all parties to the Hemphill Action, including all members of the Settlement Class.

21  3.  The Court approves the settlement of the litigation set forth in the Settlement

22  Agreement, including the Plan of Distribution, as being fair, just, reasonable and adequate to the

23  members of the Settlement Class.

24  4.  Any and all objections to the settlement and Settlement Agreement are overruled as

25  being without merit.

26  5.  This Action may be maintained as a class action for settlement purposes.

27  6.  The Court certifies this litigation as a class action and certifies the Settlement Class

28  as follows:

---

FINAL APPROVAL ORDER                 2                 Case No. 04 CV 1495 BEN (JMA)

1    All persons (including natural persons, corporations, partnerships, firms,

2    associations and all other forms of business organizations or legal entities) who at

3    any time during the Class Period paid charges to subscribe to or participate in the

4    Sandicor MLS to the San Diego Association of Realtors, the North San Diego

5    County Association of Realtors, the East San Diego County Association of

6    Realtors, the Pacific Southwest Association of Realtors, Inc., the Coronado

7    Association of Realtors, Inc., or Sandicor, Inc. or their predecessors.

8

9    Specifically excluded from the Settlement Class are the Settling Defendants herein;

10   officers, directors, or employees of any Settling Defendant during the Class Period;

11   any entity in which any Settling Defendant has a controlling interest; the affiliates,

12   legal representatives, attorneys, heirs or assigns of any Settling Defendant. Further

13   excluded are the named plaintiffs in the Freeman Action or the named plaintiffs in

14   any other proceeding asserting claims arising from or related to the Freeman

15   Action, except this Hemphill Action.  Also excluded are any governmental agency,

16   any judicial officer presiding over this matter, his or her spouse and relatives within

17   the third degree of relationship, and any juror assigned to this case.

18

19   7.    The Court finds that the requirements of Federal Rule of Civil Procedure 23 have

20   been satisfied and that the Plaintiff and Class Counsel fairly and adequately represent the

21   Settlement Class and satisfies the requirements to be representatives of and counsel to the

22   Settlement Class.  The Court further finds, based upon the totality of the record, that class counsel

23   has fulfilled their duties to the members of the plaintiff class.

24   8.    The notice provided to Settlement Class Members pursuant to the Preliminary

25   Approval Order constitutes full and adequate notice and is in full compliance with the

26   requirements of law and due process of law.

27   9.    The settlement shall be implemented and consummated in accordance with the

28   definitions and terms of the Settlement Agreement.

1        10.    Neither the Settlement Agreement, nor any of its terms or provisions, nor any of the

2 negotiations or proceedings connected with it shall be construed as an admission or concession by

3 Settling Defendants of the truth of any of the allegations in the Hemphill Action or any other

4 action, or of any liability, fault or wrongdoing of any kind.

5        11.    The Hemphill Action, and each allegation, claim and causes of action asserted

6 therein against Settling Defendants are dismissed on the merits and with prejudice against Plaintiff

7 and all members of the Settlement Class who have not validly and timely requested exclusion

8 ("Class Members").

9        12.    Plaintiff and all Class Members, on behalf of themselves and any of their respective

10 agents, successors, heirs, assigns, and other persons and entities referenced in the Settlement

11 Agreement, for good and sufficient consideration, the receipt of which is hereby acknowledged,

12 shall be deemed to have released and forever discharged the Settling Defendants, the Related

13 Persons and Entities, and each of them, from any and all Released Claims, as defined in the

14 Settlement Agreement.

15        13.    Plaintiff and Class Members are permanently barred and enjoined from asserting,

16 commencing, prosecuting or continuing the Released Claims, or any of them, against the Settling

17 Defendants, Related Persons and Entities, or any of them.

18        14.    Based on the evidence submitted and for good cause shown, Class Counsel are

19 hereby awarded Attorneys' Fees in an amount not to exceed $1,125,000.

20        15.    It is expressly determined that there is no just reason for delay and the entry of this

21 judgment is hereby directed.

22        16.    This Final Approval Order is final for purposes of appeal and may be appealed, and

23 the Clerk is hereby directed to enter judgment thereon.

24        17.    Without affecting the finality of this order, the Court retains continuing jurisdiction

25 over implementation of the Settlement and the interpretation, enforcement, and administration of

26 the Stipulation, over all parties hereto and all beneficiaries hereof, including all Class Members,

27 for such purposes.

28 ///

---

FINAL APPROVAL ORDER           4           Case No. 04 CV 1495 BEN (JMA)

18.     If this Final Approval Order does not become Final in accordance with the terms of the Settlement Agreement, then this Final Approval Order and the Final Judgment thereon, and all other orders entered in connection with this settlement (including without limitation, the Preliminary Approval Order) shall be rendered null, void and vacated in accordance with and to the extent of the terms of Settlement Agreement.

IT IS SO ORDERED.

DATED: _____, 2005

_____
Honorable Roger T. Benitez
United States District Court Judge

Legal Tabs Co. 1-800-322-3022

Recycled   Stock # EXA-5-B

*Hemphill, et al. v. San Diego Association of Realtors, et al.*
USDC Case No. 04-CV-1495 BEN (JMA)

**Requests for Exclusion (Timely)**

| Date Rec'd | Claim . | First | Last | Company |
|---|---|---|---|---|
| 11/22/04 | 1019584 | Amy | Del Nagro | Century 21 |
| 11/22/04 | 1002548 | Roderick J. | Card | Coldwell Banker |
| 11/22/04 | 1023645 | Alice | O'Donnell | Silverstone Realty |
| 11/24/04 | 1017250 | Robert | Reid | RE/MAX HOMETOWN |
| 11/24/04 | 1021969 | Alan W. | Krone | Bryan, Krone & Bushard |
| 11/24/04 | 1021929 | Thomas H. | Koss | California American Mortgage & Realty |
| 12/1/04 | 1003169 | John | Marko | Sun Country Properties |
| 11/24/04 | 1001036 | Ricki Lynn | Miller | Anthony Real Estate |
| 11/30/04 | 1002904 | James D. | Newcomb | Dave Stubbs Real Estate, Inc. |
| 11/30/04 | 1002906 | David W. | Stubbs | Dave Stubbs Real Estate, Inc. |
| 11/30/04 | 1002907 | Joel | Tarquin | Dave Stubbs Real Estate, Inc. |
| 11/30/04 | 1002900 | Timothy | Hart | Dave Stubbs Real Estate, Inc. |
| 11/30/04 | 1002902 | Barbara | Lynn | Dave Stubbs Real Estate, Inc. |
| 11/30/04 | 1003116 | Charles | Carmichael | Coldwell Banker |
| 11/30/04 | 1015262 | Barry | Pavlovich | (blank) |
| 12/02/04 | 1007489 | Shole Abou | Nasseri | PRUDENTIAL CALIFORNIA REALTY |
| 12/7/04 | 1024953 | Michael D. | Scully | MICHAEL D. SCULLY |
| 12/7/04 | 1008083 | Susanna | De Legge | COLDWELL BANKER-OLIVENHAIN |
| 12/7/04 | 1010014 | Tom | Crammer | (blank) |
| 12/7/04 | 1022593 | Sheri | Malvestuto | CENTURY 21 1ST CHOICE REALTY |
| 12/7/04 | 1015444 | Patricia | Barr | (blank) |
| 12/09/04 | 1015055 | Richard Kent | Rozelle | |

*Hemphill, et al. v. San Diego Association of Realtors, et al.*
USDC Case No. 04-CV-1495 BEN (JMA)

**Requests for Exclusion (Late)**

| Date Rec'd | Claim . | First | Last | Company |
|---|---|---|---|---|
| 12/08/04 | 1026291 | Fred | Whitney | IMC Funding Group |
| 12/13/04 | 1002895 | Margie | Crain | DAVE STUBBS REAL ESTATE, INC. |
| 12/20/2004 | 1025042 | Eileen | Shaw | Zip Realty |
| 12/21/2004 | 1022703 | Maria | Martinez | Welcome Home Realty |